■ HARRY F. MATHESON, Appellant, v. JOY-KAR TAXI, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County, dated June 6, 1968, which denied his motion for reconsideration of a prior denial of a trial preference. Order reversed, on the law and the facts, with $10 costs and disbursements, and trial preference granted. In our opinion, the fact that plaintiff received public assistance from the Nassau County Department of Public Welfare prior to his accident, and the fact that there is no causal relationship between his welfare status and his accident, should not, in and of themselves, deprive him of a trial preference based on indigency. To require that there be a causal connection between plaintiff's indigency and the incident resulting in the cause of action would be to establish an inflexible rule somewhat at odds with the "interests of justice" basis for granting a trial preference (see CPLR 3403, subd. [a], par. 3). The "interests of justice" warrant a trial preference at bar. Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.

■ JOSEPH H. MOLAT, Respondent, v. GRANT SINGLETARY et al., Appellants.— In a negligence action to recover damages for personal and property injuries, defendants appeal from an order of the Supreme Court, Kings County, dated July 2, 1968 and made after a pretrial hearing, which directed that the action be preferred for trial pursuant to rule 8 of the Rules of the Supreme Court, Kings County (22 NYCRR 750.8), and pursuant to CPLR 3403 (subd. [a], par. 3). Order reversed, on the law and the facts, without costs and without prejudice to any future application for a preference. The record before us does not contain either a stenographic transcript of the record of the pretrial hearing or a proper factual basis for an order granting a trial preference (*John* v. *Sackette Elec. Co.*, 28 A D 2d 1128; *Abramson* v. *Kenwood Labs.*, 17 A D 2d 626). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS ALICEA, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered May 17, 1968, convicting defendant of grand larceny in the first degree, after a nonjury trial, and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Brennan and Hopkins, JJ., concur; Christ and Rabin, JJ., dissent and vote to reverse the judgment and order a new trial, with the following memorandum: In our opinion, the People failed to prove beyond a reasonable doubt that the retail value of the stolen car was more than $500 (cf. *People* v. *Harold*, 22 N Y 2d 443, 445). The owner's rather vague testimony as to the amount his insurance company paid him after the theft is not probative. No other evidence as to the value of the stolen car appears in the record. The majority, however, sustain this conviction by taking judicial notice of the 1967 National Market Reports, which listed the wholesale values of used automobiles. We think that those reports are not a proper subject of judicial notice. Even if they were, however, they would not be probative as to the value of the *specific* automobile involved in this case, since these reports reflect only the *average* value of a given class of automobiles (Richardson, Evidence [9th ed.], § 41). A new trial is required.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD CALHOUN, Appellant.— Judgment of the Supreme Court, Kings County, rendered March 15, 1967, affirmed. (See *People* v. *King*, 30 A D 2d 776 [appeal by codefendant].) Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.