### (September 23, 1976)

■ ASSOCIATED FOOD STORES, INC., Respondent, v CERTIFIED GROCERS ASSOCIATES, INC., et al., Appellants.—On the court's own motion, its decision and order, both dated September 20, 1976, are vacated and recalled, and the following substituted decision is rendered: In an action *inter alia* to recover for goods sold and delivered, defendants appeal from an order of the Supreme Court, Kings County, dated December 5, 1975, which granted plaintiff's motion for a warrant of seizure. Defendants' appeal from a further order of the same court, dated January 14, 1976, which granted plaintiff's motion for summary judgment, was dismissed by order of this court dated July 14, 1976. Order dated December 5, 1975 affirmed, without costs or disbursements. The warrant which was granted satisfied all of the requirements of section 207 of the Lien Law. Gulotta, P. J., Hopkins, Latham, Cohalan and Hawkins, JJ., concur.

### (September 27, 1976)

■ WALTER ABRAHAMSEN, Petitioner, v SPERRY GYROSCOPE COMPANY et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated April 5, 1976, which affirmed an order of the State Division of Human Rights, dated February 4, 1976, which dismissed petitioner's complaint as time-barred. Determination confirmed and petition dismissed, without costs or disbursements. We agree with the division and the appeal board that the discrimination complaint was not timely filed in accordance with subdivision 5 of section 297 of the Executive Law. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ FRANK BIENGARDO et al., Appellants, v MORRIS TER BUSH et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Orange County, entered April 15, 1976, which denied their motion for a special preference, without prejudice to renewal upon submission of an additional affidavit attesting to certain facts, including the fact that plaintiff Frank Biengardo "is presently a recipient of public assistance because he is unable to obtain gainful employment due to the injuries sustained in the accident". Order modified by deleting therefrom the phrase "due to the injuries sustained in the accident". As so modified, order affirmed, without costs or disbursements. A special preference will be granted in a negligence action in the "interests of justice" (see CPLR 3403, subd [a], par 3), upon a showing of indigency by the plaintiff. There is no requirement that the plaintiff show a causal connection between his indigency and the injuries sustained in the accident which resulted in the action (see *Matheson v Joy-Kar Taxi,* 32 AD2d 544). In this case, plaintiff Frank Biengardo's submission of a lien filed against him by the Commissioner of Social Services for Orange County, in the amount of $707.01, for injuries sustained did not, in and of itself, establish that said plaintiff is currently on the welfare rolls. The additional requirement of an affidavit in support of said plaintiff's claimed indigency was within the sound discretion of the court (see *Brenton v Tiripicchio,* 54 AD2d 571). Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.