■ MORTON REISMAN, as Administrator of the Estate of BLANCHE REISMAN, Deceased, et al., Appellants, v COLUMBIA PRESBYTERIAN MEDICAL CENTER et al., Respondents.—In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Queens County, dated December 14, 1976, which denied their motion, *inter alia,* for discovery of certain hospital records and certain facts relating thereto, after a statement of readiness had been filed. Order affirmed, with $50 costs and disbursements. In February, 1976 the deposition of defendant Dr. Albert Greenwood was taken and, on or about February 17, 1976, a statement of readiness was served. An order granting plaintiffs' motion to amend the complaint so as to add a cause of action for lack of informed consent was made on October 29, 1976. The conditions here presented are not those envisioned by rule 675.7 of this court, which provides when further disclosure may be allowed after an action has been placed on the calendar (22 NYCRR 675.7). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.

■ STEPHEN A. SCIARA, Respondent, v AARON L. GITENSTEIN et al., Appellants.—In an action to recover damages for personal injuries and property damage, defendants appeal from an order of the Supreme Court, Kings County, dated November 30, 1976, which granted a special preference for the trial of the action. Order reversed, without costs or disbursements, and special preference denied, without prejudice to any future motion for a special preference. Upon the record before us, the propriety of the grant of the special preference cannot be adequately reviewed (see *Barbieri v Gustafson,* 36 AD2d 736; *Molat v Singletary,* 32 AD2d 544; *Lojko v City of New York,* 30 AD2d 927). Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.

■ ARTHUR STEINBERG et al., Doing Business as GREENVILLE SHOPPING CENTER, Respondents, v PERGAMENT SCARSDALE, INC., et al., Appellants, et al., Defendant.—In an action by a landlord, *inter alia,* to permanently enjoin one of its tenants from renting other premises, defendants Pergament Scarsdale, Inc. (the tenant) and Pergament Distributors, Inc., appeal from an order of the Supreme Court, Westchester County, entered December 23, 1976, which denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with $50 costs and disbursements. We agree with Special Term that, giving plaintiffs-respondents the benefit of every possible favorable inference, on a motion addressed to the pleadings, a cause of action exists requiring a trial. The motion to dismiss was properly denied (cf. *Rovello v Orofino Realty Co.,* 40 NY2d 633). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.