■ JOSEPH FRANGIONE et al., Appellants, v RAYMOND SCHWARZ, as Commissioner of Finance and as Administrator of the Estate of DAVID B. WHEAT, Deceased, et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County, dated September 28, 1979, as, upon reargument, adhered to its original determination denying plaintiffs' motion for a trial preference. Order affirmed insofar as appealed from, without costs or disbursements, and without prejudice to a renewal of the motion if plaintiffs be so advised. The plaintiffs failed to establish either the indigency or the inability to work of plaintiff Frangione on the record before Special Term. Accordingly, a trial preference in "the interests of justice" (CPLR 3403, subd [a], par 3), based upon his alleged destitution, was properly denied (see *Cenname v Lindholm,* 69 AD2d 848; *Brenton v Tiripicchio,* 54 AD2d 571; *Biengardo v Ter Bush,* 54 AD2d 570). However, since it appears that plaintiff Frangione has become eligible for public assistance during the pendency of this appeal, we believe that the plaintiffs should be afforded an opportunity to renew their motion on the basis of plaintiff Frangione's present circumstances, with consideration to be given to all relevant factors. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.

■ ESTELLE GOLDMAN, Appellant, v COUNTY OF ROCKLAND, Respondent. —In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim against the County of Rockland, the appeal is from an order of the Supreme Court, Rockland County, entered June 7, 1979, which denied the application. Order affirmed, without costs or disbursements. Special Term properly exercised its discretion in denying appellant's application for leave to serve a late notice of claim pursuant to section 50-e of the General Municipal Law. The record indicates that appellant failed to provide an explanation sufficient to justify excusing the untimely service of the notice of claim. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.