OPINION OF THE COURT
D. Vincent Cerrito, J.
This is a motion, pursuant to CPLR 3211 (subd [a], par 7) to dismiss plaintiffs’ second cause of action which is founded upon the theory of strict products liability.
In essence, this cause of action alleges that the plaintiff, Beatrice Beyer, an employee of W. T. Grant Company, became ill after having come in contact with allegedly diseased hamsters which had been distributed by the defendant.
On this type of motion, the movant can prevail only if he can establish conclusively that the plaintiff has no cause of action. (Rovello v Orofino Realty Co., 40 NY2d 633, 636.)
The defendant argues that there is no cause of action asserted here because the doctrine of strict products liability applies only to those cases involving sophisticated manufactured products. Since a hamster does not come within this *337 classification, it is defendant’s position that it has conclusively established that plaintiff has no cause of action.
Since the court does not accept defendant’s argument that the doctrine of strict products liability should be limited to cases involving complex manufactured products, it will deny this motion.* The purpose for imposing this doctrine in the products liability field is to distribute fairly equitably the inevitable consequences of commercial enterprise and to promote the marketing of safe products. (Codling v Paglia, 32 NY2d 330, 341; 2 Harper and James, Law of Torts, § 28.15.) Accordingly, there is no reason why a breeder, distributor or vendor who places a diseased animal in the stream of commerce should be less accountable for his actions than one who markets a defective manufactured product. The risk presented to human well-being by a diseased animal is as great and probably greater than that created by a defective manufactured product and in many instances, for the average consumer, a disease in an animal can be as difficult to detect as a defect in a manufactured product.
In summary, since the defendant has not established conclusively that the plaintiff has no cause of action and because all of the necessary elements of a cause of action in strict products liability are set forth in plaintiff’s complaint, this motion is denied without costs.

 Defendant’s position is not supported by case law since the Court of Appeals has applied the strict products liability doctrine in a case where the defective product was a piece of rough spruce planking. (Velez v Craine & Clark Lbr. Corp., 33 NY2d 117.)