[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DEFENDANT'S MOTION TO STRIKE
The instant action arises out of the defendant's sale of two live ducklings to the plaintiff. The plaintiff alleges that at the time of the sale, the ducklings were infected with salmonella bacteria. The plaintiff further alleges that the ducklings passed the disease to her minor child (the named plaintiff, Nicole Johnson). CT Page 8216-S
The defendant moves to strike counts three through six of the plaintiff's amended complaint, which sound in product liability, on the ground that ducklings are not "products" under Connecticut's Product Liability Act, General Statutes 52-572m, et seq. In the alternative, the defendant argues that if the court rules that the plaintiff's product liability claims are legally sufficient, then counts one and two of the plaintiff's complaint, which sound in common law negligence, should be stricken on the ground that52-572m et seq. provides the plaintiff's sole remedy.
Counts Three through Six
While the term "product" is not specifically defined in 52-572m, authority exists for classifying, pets as "products." Worrell v. Sachs, 41 Conn. Sup. 179, 182, 563 A.2d 1387 (1989), citing Beyer v. Aquarium Supply Co., 94 Misc.2d 336, 406 N.Y.S.2d 778
(1977), and Sease v. Taylor's Pets, 74 Or. App. 110, 700 P.2d 1054, rev. denied, 299 Or. 584, 704 P.2d 514 (1985). The plaintiff, in her amended complaint, alleges that the ducklings were purchased as household pets. (See count three, paragraphs 2 and CT Page 8216-T 7. These paragraphs are incorporated into counts four, five and six.) Thus, the plaintiff has alleged legally sufficient product liability claims in counts three through six of her amended complaint, as the ducklings are "products" which allegedly caused the plaintiff to suffer physical injuries. The defendant's motion to strike counts three through six is denied.
Counts One and Two: Defendant's Alternative Argument
General Statutes 52-572n(a) provides that a product liability claim "shall be in lieu of all other claims against a product seller, including actions of negligence . . . ." However, 52-572n et seq. "does not foreclose common law claims against those who are not product sellers . . . ." Burkert v. Petrol Plus of Naugatuck,216 Conn. 65, 73, 579 A.2d 26 (1990).
As of this date, the defendant has not filed an answer or written admissions with respect to the plaintiff's allegation that the defendant is a "product seller" pursuant to General Statutes 52-572m(a).
If the defendant subsequently admits that he is a "product seller" CT Page 8216-U (in his answer, or by way of a request to admit), or if it is established through admissible evidence that the defendant is a "product seller," then at that time, the defendant may move for summary judgment on the plaintiff's negligence claims. Accordingly, the defendant's motion to strike counts one and two of the plaintiff's amended complaint is denied.
Ballen, J.