MALICKI et al., Appellants,

v.

KOCI et al., Appellees.

[Cite as *Malicki v. Koci* (1997), 121 Ohio App.3d 723.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71553.

Decided July 28, 1997.

*William L. Summers* and *Joseph D. Russo,* for appellants.

*Keller & Curtin Co., L.P.A.,* and *Michael G. Curtin,* for appellees.

*Meyers, Hentemann, Schneider & Rea, Henry A. Hentemann and John P. O'Donnell,* for appellee Animalkins, Inc..

*Kronick, Moskovitz, Tiedemann & Girard* and *Alan R. Barnes,* for appellee Texas Bird Wholesalers.

---

PATRICIA ANN BLACKMON, Judge.

The issue before this court is whether a manufacturer, a wholesaler, and a retailer are liable for selling a parakeet that caused its owner's illness. The trial court granted summary judgment to all of the named and unnamed defendants. We conclude that the trial court correctly granted summary judgment to all of the defendants except the retailers.

The following errors have been assigned for our review:

"I. Appellee's motions for summary judgment must be overruled because the affidavits of appellant's and appellee's opposing experts present several material issues which must be decided by the trier of fact.

"II. The trial court improperly granted appellee Texas Bird's motion for summary judgment because pet animals are considered products for strict liability purposes."

After reviewing the record and the arguments of all of the parties, we affirm in part and reverse in part. The apposite facts follow.

On May 8, 1993, Dawn Hody purchased a parakeet from The Pet Experts, which was formerly known as Animalkins, Inc., a division of Pet Villa, Inc. and owned by Damel and Lorna Buxton, also defendants in this action. She gave the parakeet to her parents, Alan and Linda Malicki, plaintiffs-appellants. Thereafter, they both were diagnosed with psittacosis. Psittacosis or "parrot fever" is an

infectious disease of birds, especially parrots, characterized by diarrhea, loss of appetite, wasting, and ruffling of feathers. It is sometimes transmitted to man, where its symptoms include headache, nausea, epistaxis, constipation, and fever preceded by a chill, and usually symptoms of bronchopneumonia. The causal agent is *Chlamydia psittaci*. Stedman's Medical Dictionary (5 Ed.1982) 1163.

They filed this lawsuit naming both named and unnamed defendants.[1] The complaint alleged that at the time of purchase, the parakeet was diseased or infected with psittacosis. The Malickis alleged that shortly after they received the parrot, they became ill and had to be hospitalized for treatment of psittacosis.

They also alleged that the defendants violated R.C. 941.06(C), which provides that "[n]o person shall sell * * * or otherwise transfer to another person an animal that he knows, or has reason to know, is infected with or exposed to any dangerously contagious or infectious disease."

The defendants denied any knowledge that the bird was ill when sold. Texas Bird Wholesalers ("TBW") filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted or, in the alternative, for summary judgment. TBW argued that they did not manufacture the bird, there was no evidence the bird had psittacosis, and the bird appeared healthy upon visual inspection. TBW attached the affidavit of Dr. Robert Schmidt, a veterinarian specializing in anatomic pathology. Schmidt concluded that the bird's tissue samples showed no signs of psittacosis.

In response to TBW's motion to dismiss, the Malickis presented the affidavit of Dr. Ram Mohan, a virologist with the Animal Disease Diagnostic Lab at Ohio State University. Mohan concluded that the bird was in the subclinical phase of psittacosis and had acted as a carrier of the disease and transmitted it to the Malickis. The trial court granted TBW's motion to dismiss the claim against TBW as manufacturer of the bird but denied the motion as it pertained to the rest of the Malickis' claims.

The remaining defendants filed motions for summary judgment,[2] alleging that they did not know or have reason to know that the bird was infected because it

---

1. Daniel and Lorna Buxton, d.b.a. Animalkins, Inc., a division of Pet Villa, Inc., the original owners who sold their inventory (which included this parakeet) to William and Denise Koci, d.b.a. Pet Experts; the parakeet was purchased by the retailer from wholesaler Richard Clayton, d.b.a. Animal House, who received the bird from wholesalers Texas Bird Wholesalers, Inc. All of these individuals were named as defendants along with unnamed John Doe and John Doe, Inc. as designer, manufacturer, supplier, or seller or as otherwise involved with the sale of this parakeet.

2. Animal House's motion for summary judgment is not a part of the record. However, in their February 26, 1996 brief in opposition to Animal House's motion for summary judgment, the Malickis acknowledge that the motion was filed on December 20, 1995.

showed no signs of disease. They also argued that they used ordinary care by visually inspecting the bird, providing it with food and water, keeping its cage clean, etc. They also argue that there was no evidence the bird was ill, if ever, at the time they possessed it. The defendants also alleged that the Malickis failed to go forward with evidence that their illness was caused by the bird.

On October 7, 1996, the trial court granted summary judgment in favor of all of the defendants except TBW. Two days later, the trial court granted summary judgment in favor of TBW on all of the Malickis' claims. This appeal followed.

Before we address Assignment of Error One, we will first address the issue raised in Assignment of Error Two, which is whether a pet is a "product" for strict liability purposes. The Malickis ask this court to adopt the position that a pet is a product for purposes of strict liability. They urge that we follow *Sease v. Taylor's Pets* (1985), 74 Ore.App. 110, 700 P.2d 1054; *Beyer v. Aquarium Supply Co.* (1977), 94 Misc.2d 336, 404 N.Y.S.2d 778; and *Worrell v. Sachs* (1989), 41 Conn.Supp. 179, 563 A.2d 1387; these courts have held that an animal is a product for strict liability purposes. We, however, disagree.

In *Latham v. Wal–Mart Stores, Inc.* (Mo.App. 1991), 818 S.W.2d 673, the court held that a parrot was not a product for products liability purposes, stating that "due to their mutability and their tendency to be affected by the purchaser, animals should not be products under § 402A as a matter of law." The *Latham* court followed *Anderson v. Farmers Hybrid Co., Inc.* (1980), 87 Ill.App.3d 493, 42 Ill.Dec. 485, 408 N.E.2d 1194.

"[T]he changeable nature and health of living creatures, and the potential effect of events and conditions outside the control of the seller on such creatures, lead us to conclude that the trial court was correct in finding that the gilts at issue in this case are not products for purposes of imposing strict liability in tort under Section 402A. While a 'product' may be unchanged from its natural state, viable, and not the result of manufacturing processes, it must also be of a fixed nature at the time it leaves the seller's control. * * * Living creatures, such as the swine in the instant case, are by their nature in a constant process of internal development and growth and they are also participants in a constant interaction with the environment around them as part of their development. Thus, living creatures have no fixed nature * * * at the time they enter the stream of commerce." *Id.* at 500–501, 408 N.E.2d at 1199.

We agree with the reasoning in *Latham* and in *Anderson,* and conclude that a parrot is not a product for purposes of products liability. Imposing strict liability upon the defendants in this case would yield the harsh result of holding them responsible as absolute insurers of the health of a living organism whose health can be affected by many factors totally outside the defendant's control.

Liability may, however, still be imposed upon the defendants for the sale or distribution of animals under a theory of negligence. Consequently, the Malickis' assignment of error two is overruled.

In this case, the Malickis offered expert testimony as to the negligence of the retailer only. They did not offer any evidence as to negligence of the wholesaler/supplier or manufacturer or breeder. Besides, the facts in this case show that this parakeet was caged with a bird that had died days before.

The Malickis, however, did offer the affidavit of their expert, who offered his opinion as to the negligence of the retailer:

"The standard of care for retail seller pet shop owners is one of ordinary care. A pet shop owner should know that parakeets may carry chlamydia and yet exhibit no outward signs of illness or symptoms. Psittacosis is a potentially deadly public health hazard. Purchasers of parakeets should be notified at the time of purchase by the seller that the parakeet may be a carrier of Chlamydia. Sellers should recommend that a newly purchased bird must be examined by an avian veterinarian especially for zoonotic diseases at the expense of the purchaser."

Thus, the expert's affidavit raises a question of fact as to whether there is a duty to warn of a latent defect, which, if known or constructively known, constitutes a breach of duty of ordinary care to a business invitee.

The Malickis' first assigned error as to the seller-retailer is sustained.

*Judgment affirmed in part*
*and reversed in part.*

JAMES D. SWEENEY, C.J., and ROCCO, J., concur.