■       THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAY JUNIOR HALE, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica State Prison, Respondent.— Judgment unanimously affirmed. Memorandum: Petitioner's contention that he was improperly committed to the Elmira Reception Center upon his subsequent conviction, is without merit. The proscription in subdivision 1 of section 61 of the Correction Law is not applicable since at the time of the second sentence, petitioner was not then "serving a sentence in such institution". (Appeal from judgment of Wyoming County Court, dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.

■       JAMES J. KELLY, Appellant, v. BANK OF BUFFALO, Respondent.— Order unanimously reversed, with costs, and motion denied. Memorandum: The motion to dismiss this complaint was made pursuant to CPLR 3211 (subd. [a], par. 7) upon the ground that it failed to state a cause of action. Although the court might have treated the motion as one for summary judgment (CPLR 3211, subd. [c]), there is nothing in the record to indicate that the court did in fact choose to treat it as such. On the contrary, both the order appealed from and the decision of the court state that the complaint is dismissed for failure to state a cause of action and the notice of appeal describes the appeal as taken "from an order dismissing the complaint for failure to state a cause of action against the defendant". We recognize, however, that on such a motion the court is no longer limited to a consideration of the pleading itself but may consider extrinsic matter submitted by the parties in disposing of the motion. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.43; Hamilton Print Co. v. Payne Corp., 26 A D 2d 876.) The inquiry is whether the pleader has a cause of action rather than whether he has properly stated one. (6 Carmody-Wait 2d, New York Practice, § 38:19.) Tested by this standard, we think it was error to dismiss the complaint. Factual issues were presented by the affidavits and other evidence submitted by the parties on the motion which precluded a determination before trial that defendant had fully performed the contract sued on by plaintiff. Among others, one of the critical issues was the amount which defendant would have received if the property had been sold under the original contract executed by plaintiff. At this stage of the litigation defendant was not entitled to a dismissal of the complaint, nor would it have been entitled to summary judgment if the motion had been regarded as a request for that relief. (1136 Tenants' Corp. v. Rothenberg & Co., 27 A D 2d 830, affd. 21 N Y 2d 995; Falk v. Goodman, 7 N Y 2d 87, 91.) (Appeal from order of Erie Special Term dismissing complaint in contract action.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.