■ PUBLIC ADJUSTMENT BUREAU, INC., Appellant, v BANKERS FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Respondents.—Order, Appellate Term, entered June 14, 1977, affirming a judgment of the Civil Court, New York County, entered April 23, 1976, dismissing plaintiff's complaint after trial, unanimously affirmed, with $60 costs and disbursements of this appeal to respondents. We find it unnecessary on this appeal to reach the question as to whether or not section 123 (subd 3, par [b]) of the Insurance Law, bars an action in *quantum meruit* by an adjuster. From the facts developed at the trial, it is apparent that the plaintiff, a public adjuster, performed services in connection with the settlement of a claim pursuant to a contract with the mortgagor and not at the request or invitation of the defendant mortgagee. Nothing in the facts disclosed supports an action in *quantum meruit* against this defendant. Concur—Silverman, J. P., Evans, Lynch, Sandler and Sullivan, JJ. [91 Misc 2d 118.]

■ SCARLETT LETTERS, INC., Respondent, v COMPUGRAPHIC CORPORATION, Appellant.—Order, Supreme Court, New York County, entered August 3, 1977, denying defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with $60 costs and disbursements of this appeal payable to respondent. In affirming Special Term's determination that the complaint stated valid causes of action, we assume that the court gave due consideration to the affidavits submitted in opposition to the motion which set forth allegations of unconscionability and inconspicuous notice (Uniform Commercial Code, §§ 2-302, 1-201, subd 10) in avoidance of the disclaimer provisions of the lease-purchasing agreement in issue, upon which defendant in its motion relied. (CPLR 3211, subd [c].) Otherwise, the complaint, which pleaded the agreement, a copy of which was annexed thereto, may, superficially, have failed to state a cause of action. But the test for us is not whether the complaint states a cause of action but whether the pleader has, in fact, a cause of action. As was stated in *Rovello v Orofino Realty Co.* (40 NY2d 633, 635-636), "affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims (see, e.g., *Kelly v Bank of Buffalo,* 32 AD2d 875; *Raimondi v Fedeli,* 30 AD2d 802)." Concur—Silverman, J. P., Evans, Lynch, Sandler and Sullivan, JJ.

■ MYRNA PABON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Order, Supreme Court, New York County, entered June 20, 1977, granting plaintiff's motion for production of the transcript of a departmental hearing and permitting service of an amended complaint, unanimously affirmed, with $40 costs and disbursements of this appeal payable to plaintiff. Defendant is directed to produce a copy of the transcript and plaintiff is permitted to serve the amended complaint, both within 10 days after service of a copy of the order to be entered hereon with notice of entry. Concur—Birns, J. P., Evans, Fein, Lane and Sullivan, JJ.