■ BERT SCHUSSEL et al., Appellants-Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant, and TRANSPORT WORKERS OF AMERICA, AFL-CIO, et al., Respondents.—Order, Supreme Court, New York County, entered September 30, 1977, which, on reargument and renewal of a prior motion, *inter alia,* struck the ninth through twelfth and nineteenth and twentieth causes of action in the amended complaint, and directed plaintiffs to serve a second amended complaint in the form of a CPLR

article 78 proceeding to seek reinstatement and back pay (in lieu of the first four causes of action), modified, on the law, and, on the facts, without costs or disbursements, to dismiss the complaint in its entirety and to strike all interrogatories, and except, as thus modified, affirmed. Cross appeals have been taken from an order, which, *inter alia,* directed plaintiffs to serve an amended complaint as to the first four causes of action in the form of a CPLR article 78 proceeding, and struck some of the affirmative defenses raised by defendant. Our review of the record indicates that the entire complaint should be dismissed. The fifth and sixth causes of action which allege physical threats and harassment by defendant's agents cannot withstand scrutiny. As alleged and shown by a review of the record, these acts were clearly *ultra vires* and the doctrine of *respondeat superior* does not apply. Moreover, plaintiffs should not have been granted leave to file a second amended complaint in the nature of a CPLR article 78 proceeding on the first four causes of action. A reading of the complaint indicates that plaintiffs do not seek relief cognizable in such a proceeding. They allege basically a conspiracy to breach an employment contract. While plaintiffs challenge defendant's motives they do not allege that the determination was based on less than substantial evidence or that it was irrational. Moreover, despite their present assertion that they were denied their right to testify, plaintiff Schussel refused to testify at all at the disciplinary hearing, which was conducted in 1973, while Stone, after giving partial testimony, refused, without asserting any Fifth Amendment privilege, to testify any further. In fact, defendant moved under CPLR 2308 (subd [b]) to compel plaintiffs to testify. After a determination adverse to plaintiffs, which they never appealed, they and their attorney proceeded to boycott the hearing. There is no showing of merit which would warrant granting leave to replead pursuant to CPLR 3211 (subd [e]). In the light of our disposition, the issue as to the interrogatories becomes academic. Concur—Murphy, P. J., Sullivan, Markewich and Silverman, JJ.

Lupiano, J., dissents in part in a memorandum, as follows: I concur with the majority that the complaint should be dismissed including the fifth and sixth causes of action therein in their entirety. However, regarding the first four causes of action, I subscribe to Special Term's observation that "the fact that a plenary action may have been improperly instituted instead of an article 78 proceeding is not a ground for dismissal, for the court may correct such an error (CPLR 103[c])." Special Term did not abuse its discretion and properly acted in the interest of justice in directing that plaintiffs shall serve a second amended complaint in the form of a CPLR article 78 proceeding seeking reinstatement and back pay. "Modern pleading rules are 'designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one' (6 Carmody-Wait, 2d, NY Prac, § 38:19; see *Kelly v Bank of Buffalo,* 32 AD2d 875)" *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). Insofar as the majority would foreclose plaintiffs from repleading as thus directed by Special Term, I depart from their view.