■ DEBORAH HAWKINS. Individually and as Administratrix of the Estate of HOWARD HAWKINS, Deceased, Respondent, v ALICE J. MCCLUSKEY et al., Appellants.—Order unanimously reversed, with costs, motion granted and complaint dismissed. Memorandum: In this action brought to recover for the alleged wrongful death of Howard Hawkins while a patient at defendant Genesee Hospital, defendants Alice Jane McCluskey, Ronald S. Kooper and Warren (named in the complaint as "William") Couse, employees of Genesee Hospital, moved to dismiss the complaint against them for failure to state a cause of action (CPLR 3211, subd [a], par 7). The cause of action against defendant Genesee Hospital and its employees charges negligence in the operation of the anesthesia machine used upon the decedent in that nitrous oxide and oxygen lines were improperly crossed causing the decedent to die of anoxia and nitrous oxide poisoning. More specifically the claim against defendant McCluskey, an assistant director of nursing practices of operating rooms for the hospital, and Kooper, an anesthesia technician employed by the hospital, consists of their alleged failure to make proper preoperative checks and inspections of the machine and in crossing or failing to detect the crossing of oxygen and nitrous oxide lines on the machine and in failing to recognize and act upon signs of anoxia and nitrous oxide poisoning. The charge of negligence against Couse, the chief of engineering and maintenance at the hospital at the time of the incident, consists of his alleged failure to properly inspect and maintain the machine, failure to follow directions and pay attention to instructions in maintaining and repairing the machine and crossing or per-

mitting the nitrous oxide and oxygen lines to be crossed or mistakenly used. In their affidavits in support of the motion to dismiss, it is clear that none of the moving defendants had duties which carried with them the responsibility for the operation, use or maintenance of the anesthesia machines or the administration of anesthesia in the operating rooms. In addition, two of the defendants were not even at the hospital on July 15, 1977 when the acts alleged in the complaint took place. Upon a motion to dismiss the complaint for failure to state a cause of action, plaintiff may submit affidavits setting forth evidentiary matters in opposition to the motion, but is not obliged to do so on penalty of dismissal as is the case under CPLR 3212 *(Rovello v Orofino Realty Co., 40 NY2d 633)*. Where, as here, a party offers matters extrinsic to the pleading the court need not assume the truthfulness of the pleaded allegations *(Penato v George, 52 AD2d 939)*. Nonetheless in a motion made under CPLR 3211 (subd [a], par 7) the inquiry is whether the plaintiff actually has a cause of action, not whether he has properly stated one *(Guggenheimer v Ginzburg, 43 NY2d 268; Kelly v Bank of Buffalo, 32 AD2d 875)*. The reasons stated in plaintiff's affidavit in opposition to the motion are insufficient to sustain the complaint against the defendants. (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.