■ In the Matter of WE TRANSPORT, INC., Respondent, v BOARD OF EDUCATION OF UNIONDALE UNION FREE SCHOOL DISTRICT et al., Appellants, et al., Respondent. — Appeals from a judgment of the Supreme Court at Special Term (Pennock, J.), entered October 14, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the award by respondent Board of Education of Uniondale Union Free School District of a contract to respondent Courtesy Bus Company for transportation of school children for the 1982-1983 school year. Petitioner instituted this proceeding in Albany County to annul a bus contract awarded to respondent Courtesy Bus Company by respondent Board of Education of Uniondale Union Free School District on the grounds that the procedures used violated the competitive bidding requirements of section 103 of the General Municipal Law. Petitioner, respondent Courtesy Bus Company, and one other company submitted bids which were opened on March 8, 1982. Courtesy was found to be low bidder and received the contract. Petitioner charged that the school board violated section 103 in (1) using the terms "full time" and "part time" in reference to buses contrary to the commonly understood meaning of the words in the trade; (2) failing to provide daily trip schedules for the 1982-1983 school year; and (3) making available to petitioner's two competitors, but not to petitioner, the daily trip schedule for the current school year, 1981-1982. The school board alleged, as an affirmative defense, that the exact bus schedules and routes could not be known for the coming year until June 1, 1982 and that,

as a matter of common practice and trade usage, current schedule and route information had been made available to all bidders and that petitioner, from past experience, was aware of that. Courtesy alleged as an affirmative defense the failure to state a cause of action in that schedule information for the upcoming year was available to none of the bidders who were all treated equally. Respondent Commissioner of Education moved to have the petition dismissed as against him on the grounds that no cause of action had been stated and that petitioner had not exhausted its administrative remedies. The school board filed papers in support of the commissioner's motion and requested a change of venue to Nassau County should the commissioner no longer be a party. Further, on May 27, 1982, petitioner and the commissioner entered into a stipulation of discontinuance without the knowledge of the other parties. The school board, upon learning of this stipulation, moved to dismiss the petition or, alternatively, for a change of venue to Nassau County. Subsequently, all remaining parties stipulated to a change of venue to Nassau County. In a decision dated July 8, 1982, Special Term held that "the specifications in respect to the daily trips was [*sic*] inadequate for any bidder to make an intelligent bid". A judgment was entered thereon on October 14, 1982 and these appeals followed. Preliminarily we find petitioner properly contends that the actions of the board are reviewable by this court without prior review by the Commissioner of Education. The allegations of the petition are couched in terms of a statutory violation relating to the procedures governing competitive bidding under section 103 of the General Municipal Law. The matter is therefore properly reviewable by the courts (*Matter of Buffalo Audio Center Arrolite Co. v Union Free School Dist. No. 1, Town of Tonawanda,* 29 Misc 2d 871, affd 15 AD2d 991). The real issue presented is one of favoritism or unfair advantage in that petitioner alleges that the school board made current bus trip information available to its two competitors but not to it. Thus, a clear violation of the competitive bidding statute is at issue (General Municipal Law, § 103). Turning to the merits, we conclude that the judgment entered at Special Term should be reversed and the petition dismissed. Special Term, on the basis of the pleadings and papers, improperly ruled that the school board's action was arbitrary and capricious and not in compliance with New York's competitive bidding laws. The burden was on petitioner to show upon all the proof that it was entitled to the relief sought (*Matter of County of Ulster v State Dept. of Public Works,* 211 App Div 629, affd 240 NY 647). In a summary determination, and even with a motion to dismiss, where the party raising a defense has submitted proof in addition to the pleadings showing entitlement to a decision in its favor, the party against whom the defense is raised must come forward with evidence showing a triable issue of fact to avoid dismissal (*Zuckerman v City of New York,* 49 NY2d 557). Significantly, petitioner makes no reply to the proof of respondents. The petition, therefore, must be dismissed. Lastly, respondent Courtesy's contention that Special Term abused its discretion by ruling on this petition after the remaining parties had stipulated to a change of venue is rejected. Venue was properly set in Albany County when this petition was originally brought because the Commissioner of Education was named as a respondent (CPLR 506, subd [b], par 2). The time for a change of venue as of right had expired and a motion is required for subsequent venue change pursuant to CPLR 511 (subd [a]). Moreover, the fact of the commissioner's dismissal was not properly before Special Term, not being part of the papers submitted and reaching the court, if at all, only through a telephone call from one of respondents to the court's law clerk. Judgment reversed, on the law, and petition dismissed, with one bill of costs to respondents. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.