■ MELVIN M. KAUFMAN, Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered March 10, 1983 in Ulster County, which granted plaintiff's motion for a preliminary injunction and denied defendant's motion to dismiss the complaint. Plaintiff, a former employee of defendant International Business Machines Corporation (IBM), brought the instant action to recover claimed "personal belongings" from IBM. In 1979, plaintiff was hired as a staff engineer by IBM. In consideration of his employment, Kaufman agreed in writing that he would not "disclose to anyone outside of IBM, or use in other than IBM's business, any confidential information or material relating to the business of IBM or its subsidiaries, either during or after [his] IBM employment, except with IBM's written permission". Plaintiff also assigned to IBM his "entire right, title and interest in any invention or idea, patentable or not, hereafter made or conceived solely or jointly by [him]" which was developed "while working in IBM" and which "relates in any manner to the actual or anticipated business of IBM or its subsidiaries". While employed at IBM, plaintiff reportedly worked on a highly secret computer project. When his employment was terminated on August 13, 1981, plaintiff acknowledged in writing that he would continue not to use or disclose IBM material. He also acknowledged that "inventions or disclosures conceived by [him] during [his] employment with IBM" remained the property

of IBM. He declined to remove his personal belongings at the time of his termination. IBM later separated what they claimed was his personal property from IBM property and delivered his belongings to his attorney as requested. In this action, plaintiff requests the return of: "(a) My files related to patent disclosures currently filed awaiting patent applications. (b) My personally handwritten monthly accomplishment reports. (c) Technical reports and notes handwritten by me. (d) Four, twenty inch by forty inch reproduction paintings with wooden frames [IBM in its brief stated that these paintings, if they have not already been, will be provided to plaintiff]. (e) The computer printouts from the non IBM confidential computer runs which I ran on my high level qualifier (i.e., identification number)." Plaintiff also sought an injunction restraining IBM from "acting towards" the requested property. IBM moved to dismiss the complaint and plaintiff moved for a preliminary injunction. Special Term granted the preliminary injunction and denied defendant's motion for dismissal of the complaint. This appeal by IBM followed. Special Term's order should be reversed and the injunction vacated. Plaintiff's motion for a preliminary injunction should be denied and IBM's motion to dismiss the complaint granted. Special Term abused its discretion in issuing a preliminary injunction in this case. When seeking a preliminary injunction, the moving party, to be successful, must show "(1) the likelihood of ultimate success on the merits; (2) irreparable injury to him absent granting of the preliminary injunction; and (3) that a balancing of equities favors his position" (*Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324). Here, plaintiff failed to demonstrate any likelihood of success on the merits. The only allegation plaintiff offers in support of his contention that he is entitled to IBM property is that the material he is demanding is "considered personal property within the computer development industry". However, he offers no evidence of any kind to substantiate this claim. On the contrary, IBM has submitted proof that the property plaintiff seeks is not his personal property, but rather trade secrets of IBM. The evidence establishes that plaintiff was involved in highly confidential projects and that he used information and materials that were not only confidential, by virtue of agreements IBM had with other companies, but were in themselves IBM trade secrets. Further, there is evidence that plaintiff gave up the right to any property in IBM's possession which would be detrimental to the confidentiality of IBM trade secrets. The only support offered by plaintiff for the proposition that he will suffer irreparable harm without the preliminary injunction is the bald assertion that the property in question is "not easily replaceable". Bare conclusory allegations are insufficient to support a motion for a preliminary injunction. Thus, it was error to do so here (see *Matter of Baran v Otterbein,* 84 AD2d 928). Plaintiff also failed to meet his burden of demonstrating that the equities are balanced in his favor. By demanding materials IBM has now shown to be related to trade secrets, he is acting contrary to his contractual obligations. Equity, therefore, cannot be said to favor plaintiff where he is seeking not only to violate his contractual obligations, but also his fiduciary duty to his former employer. Finally, in a situation such as presented herein where the moving party offers matters extrinsic to the pleadings, such as supporting affidavits, the court, on a motion to dismiss brought pursuant to CPLR 3211 (subd [a], par 7), need not assume the truthfulness of the pleaded allegations (*Penato v George,* 52 AD2d 939). Instead, "the criterion is whether the proponent of the pleading [actually] has a cause of action, not whether he has [properly] stated one" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; see, also, *Hawkins v McCluskey,* 79 AD2d 853, 854; *Scarlett Letters v Compugraphic Corp.,* 61 AD2d 930; *Rappaport v International Playtex Corp.,* 43 AD2d 393, 395). For a defendant to be successful on a motion to dismiss, the evidence defendant offers must "establish conclusively

that plaintiff has no cause of action" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636; Siegel, NY Prac, § 265, p 325), and that in light of the evidence presented "no significant dispute exists" (*Guggenheimer v Ginzburg, supra,* p 275). "The duty of an employee not to use or divulge confidential knowledge acquired during his employment is implicit in the employer-employee relation, is an absolute, and not a relative, duty" (60 NY Jur, Trademarks, Tradenames and Unfair Competition, § 112, p 184; see *Emery Co. v Marcan Prods. Corp.,* 268 F Supp 289, 299, affd 389 F2d 11, cert den 393 US 835). Consequently, plaintiff here had both a contractual and a fiduciary duty not to disclose any confidential information. It would appear, therefore, that these obligations still owing to IBM preclude him from obtaining and using the materials in question for his own purposes. IBM has thus demonstrated through its evidence that "no significant dispute exists". Plaintiff, having submitted no evidence in reply to IBM's proof, cannot rest on the strength of unsupported allegations to avoid dismissal of his complaint (see *Zuckerman v City of New York,* 49 NY2d 557; *Matter of We Transp. v Board of Educ.,* 92 AD2d 1074, 1075). Order reversed, on the law and the facts, plaintiff's motion for preliminary injunction denied, defendant's motion to dismiss complaint granted and complaint dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.