■ INTERSTATE ADJUSTERS, INC., Respondent, v FIRST FIDELITY BANK, N. A., NEW JERSEY, Defendant and Third-Party Plaintiff-Respondent. FRED KASSNER et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. [675 NYS2d 42] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about February 9, 1998, denying third-party defendants' motion for summary judgment dismissing the complaint and the third-party complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint and the third-party complaint dismissed. The Clerk is directed to enter judgment in favor of the third-party defendants-appellants dismissing the complaint and the third-party complaint.

This is an action by plaintiff Interstate Adjusters, an insurance adjuster, for payment of a fee. Appellants formerly owned the Virgin Isle Hotel on the Island of St. Thomas, subject to a first mortgage held by defendant First Fidelity Bank. In 1989, appellants sold the hotel to third-party defendant Caribbean Hotel Limited Partnership (CHLP), which is not a party to this appeal. Shortly thereafter, the hotel was virtually destroyed by

a hurricane. CHLP then hired plaintiff to adjust its insurance claim with Phoenix Fire & Marine Insurance Co. (Phoenix). The initial retainer agreement with plaintiff was superseded by the May 1990 Fee Agreement (the Fee Agreement) entered into by plaintiff, CHLP and appellants. The Fee Agreement provided, in pertinent part, that plaintiff's "total fee for [its] services and expenses pursuant to the Retainer and any such prior agreements will be $350,000, which will be paid to [plaintiff] *when and if,* and at the same time as, payment of insurance proceeds of *at least $7,191,813 * * ** is made, at our direction, to First Fidelity Bank" (emphasis added). Defendant bank sent a letter to plaintiff and appellants (the Confirmation Letter) acknowledging that it had been instructed to remit $350,000 to plaintiff after receiving the $7,191,813.

In July 1990, Phoenix paid out $6,116,037 to appellants, who remitted the entire sum to defendant in order to satisfy the $7 million mortgage obligation. Phoenix never paid the balance of the claim because it became insolvent. Since the full amount required by the contract had not been received, defendant and appellants took the position that plaintiff was not entitled to any fee. Plaintiff commenced the main action against the bank, alleging breach of contract, conversion and negligent receipt of funds. The bank then impleaded appellants based on appellants' contractual obligation to indemnify defendant "against all claims, damages, liabilities and expenses * * * that may be suffered or incurred by you as a result of your making the foregoing remittances" (i.e., plaintiff's $350,000 fee). Appellants moved for summary judgment dismissing the complaint and the third-party complaint. This motion should have been granted.

The motion court incorrectly found an issue of fact as to whether the May 1990 Fee Agreement was entered into in bad faith to deprive plaintiff of compensation. Plaintiff claimed that when plaintiff and appellants entered into the Fee Agreement, the bank already knew that Phoenix would not pay the amount stated therein. Even leaving aside the fact that plaintiff presented no evidence in support of its conclusory and speculative assertions of fraud (*see, Shea v Hambros PLC*, 244 AD2d 39, 46), no claim based on the Fee Agreement lies against defendant, which was not a party to the Fee Agreement between plaintiff and appellants.

When a secured creditor, such as defendant herein, has "an agreement with the insured to protect the creditor's interests in insurance proceeds but no agreement with the adjuster, the adjuster works at his peril" (*Weg & Myers v Banesto Banking*

*Corp.*, 175 AD2d 65, 67). If plaintiff disagreed with appellants' position that it had not satisfied a condition precedent to payment of its fee, plaintiff should have sued appellants directly for breach of contract.

Plaintiff's quantum meruit claim against defendant also fails. The case of *Public Adj. Bur. v Bankers Fed. Sav. & Loan Assn.* (61 AD2d 930) is directly on point. There we held that where the plaintiff, a public adjuster, performed services "pursuant to a contract with the mortgagor and not at the request or invitation of the defendant mortgagee", and the recovered proceeds were paid over to the mortgagee bank, plaintiff could not recover its fee from the mortgagee on a quantum meruit theory (*supra,* at 930).

Plaintiff's causes of action for conversion and negligent receipt of money are equally deficient. A conversion claim cannot be based only on the allegation that a defendant received money and failed to remit payment to the plaintiff (*Stack Elec. v DiNardi Constr. Corp.*, 161 AD2d 416, 417). Here, plaintiff's conversion claim "allege[d] no independent facts sufficient to give rise to tort liability" (*Yeterian v Heather Mills*, 183 AD2d 493, 494) and thus was nothing but a restatement of its breach of contract claim. Similarly, an action for money had and received is an equitable quasi-contract claim analogous to quantum meruit (*Parsa v State of New York,* 64 NY2d 143, 148, *rearg denied* 64 NY2d 885), which is barred for the reasons stated above. We have considered plaintiff's other contentions and find them to be without merit. The third-party action should be dismissed as derivative of the main action. Since all of plaintiff's claims against defendant have been dismissed, there is no predicate for a third-party action. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.