■ ALDORO, INC., Appellant-Respondent, v GOLD FORCE INTERNATIONAL LTD., Now Known as GF INT'L HOLDINGS, INC., et al., Respondents, and GARY M. JACOBS et al., Respondents-Appellants, et al., Defendants. [859 NYS2d 154]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 28, 2007, which, in an action arising out of the sale of goods, inter alia, granted defendants' motion to dismiss the complaint with leave to plaintiff to replead its fraud claims against the individual defendants, and denied plaintiff's cross motion to amend the complaint so as to allege

breach of fiduciary duty and the aiding and abetting of that breach, unanimously affirmed, with costs.

The sole theory underlying plaintiff's breach of fiduciary duty claim, the so-called "trust fund doctrine," under which persons in control of an insolvent corporation must hold the corporation's remaining assets in trust for the benefit of its creditors, cannot be invoked by a "simple contract creditor" like plaintiff, who has not yet obtained a judgment on the debt and had execution returned unsatisfied (*Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 549-550 [2000]). As plaintiff does not have a claim for breach of fiduciary duty against the debtor defendant and its principals, it cannot have claims against the other defendants for aiding and abetting that breach. Plaintiff, however, was properly granted leave to replead fraud claims against the individual defendants alleging that when they gave plaintiff postdated checks in payment for the goods, they knew that their company was insolvent and that the checks would not be paid on presentment (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954 [1986]). We have considered plaintiff's other claims and arguments and find them without merit. Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ. [*See* 2007 NY Slip Op 33821(U).]