Lynn v Maida (2019 NY Slip Op 02268)





Lynn v Maida


2019 NY Slip Op 02268


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8778 653901/16

[*1]Kusum Lynn, et al., Plaintiffs-Respondents-Appellants,
v
Marco Maida, et al., Defendants, Jack Norris, Defendant-Respondent, Rebecca Bower, Defendant-Appellant-Respondent.


Gallet Dreyer & Berkey, LLP, New York (Adam M. Felsenstein of counsel), appellant-respondent.
Kornfeld & Associates P.C., New York (Randy M. Kornfeld of counsel), for respondents-appellants.
Cullen and Dykman LLP, Garden City (Elizabeth Usinger of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about December 11, 2017, which, to the extent appealed from, granted defendants Marco Maida and Jack Norris's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the conversion and breach of fiduciary duty claims as against them, granted defendant Rebecca Bower's motion pursuant to CPLR 3211(a)(7) to dismiss those claims as against her, and denied her motion to dismiss the fraud claim as against her, unanimously affirmed, with costs.
Plaintiffs had contracts with nonparty 1 + 1 Management, LLC, which has filed for bankruptcy. Defendants in the instant action are members of 1 + 1. Plaintiffs Kusum Lynn and Tim Barber previously sued 1 + 1 for breach of contract.
Defendant Bower contends that plaintiffs' fraud claim should be dismissed because none of her representations were extrinsic to the contracts between plaintiffs and 1 + 1. However, none of the precedents Bower cites involved a contract claim against one defendant in one case and a fraud claim against a different defendant in another case. Indeed, in Aldoro, Inc. v Gold Force Intl. Ltd. (52 AD3d 223 [1st Dept 2008]), this Court allowed the plaintiff to replead fraud claims against the individual defendants, who were the principals of the insolvent corporate defendant, which owed a debt to the plaintiff.
The complaint itself fails to plead fraud with particularity against Bower (see e.g. MP Cool Invs. Ltd. v Forkosh, 142 AD3d 286, 291 [1st Dept 2016], lv denied 28 NY3d 911 [2016]; ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397, 398 [1st Dept 2008]). However, plaintiffs' affidavits in opposition to defendants' motion — which the court properly considered and accepted as true (see e.g. Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]) — remedies that defect.
In reply, Bower contends that plaintiffs failed to plead scienter, reliance, and damage. An argument raised for the first time on reply, when the adversary has no opportunity to respond, will not be considered. Were we to reach this argument, we would find it unavailing (see Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 98-99 [1st Dept 2003]).
The conversion claim was correctly dismissed because plaintiffs never exercised ownership, possession, or control of the monies they are seeking — instead, clients sent checks to [*2]1 + 1 (see Soviero v Carroll Group Intl., Inc., 27 AD3d 276, 277 [1st Dept 2006]; M.D. Carlisle Realty Corp. v Owners & Tenants Elec. Co. Inc., 47 AD3d 408, 409 [1st Dept 2008]; Peters Griffin Woodward, Inc. v WCSC, Inc., 88 AD2d 883, 884 [1st Dept 1982]; see also Interstate Adjusters v First Fid. Bank, N.J., 251 AD2d 232, 234 [1st Dept 1998] ["A conversion claim cannot be based only on the allegation that a defendant received money and failed to remit payment to the plaintiff"]).
The court also correctly dismissed the conversion claim on the ground that it is duplicative of the contract claim against 1 + 1 (see M.D. Carlisle, 47 AD3d at 409).
Plaintiffs contend that defendants owed them a fiduciary duty pursuant to the trust fund doctrine. This argument is unavailing. Assuming, arguendo, that the doctrine applies to the members of an insolvent limited liability company (as opposed to the officers and directors of an insolvent corporation), "a simple contract creditor may not invoke the doctrine to reach transferred assets before exhausting legal remedies by obtaining judgment on the debt and having execution returned unsatisfied" (Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 550 [2000]; see also Aldoro, 52 AD3d at 224).
Plaintiffs further contend that defendants owed them a fiduciary duty due to a special relationship. However, plaintiffs' contracts with 1 + 1 clearly state that 1 + 1 is not their agent, co-venturer, or representative. They also contain merger/integration clauses. To allow plaintiffs to rely on conversations with some of 1 + 1's members that pre-date the contracts to create a fiduciary relationship between themselves and 1 + 1's members would undermine the contracts. In any event, neither the fact that 1 + 1 represented plaintiffs vis-à-vis clients nor the fact that plaintiffs were friends with defendants creates a fiduciary relationship (see Dove v L'Agence, Inc., 250 AD2d 435 [1st Dept 1998]; Benzies v Take-Two Interactive Software, Inc., 159 AD3d 629, 631 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK