25-2313-cv
Gan v. GSUIG Real Est. Member LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-six.

PRESENT:  BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges*.

------------------------------------------------------------------

LIHUA GAN, PU GAO, YASHU LI, RUIMIN LIU, NA TANG, KAIQIN WANG, WEISHAN WEN, XINGQIN WEN, DONG YAN, SIYUN YAN, XINLIN YANG, JINCHUN LI, GUOYONG MA, LIJUAN YANG,

*Plaintiffs-Appellants*,

v.                                                      No. 25-2313-cv

GSUIG REAL ESTATE MEMBER LLC, WEBSTER BANK N.A.,

EMPIRE OUTLET MANAGEMENT,
LLC, BFC PARTNERS, LLC,

*Defendants-Appellees.*[*]

------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | Matthew Livingston, Matthew Sava, Reid & Wise LLC, New York, NY |
| FOR DEFENDANT-APPELLEE GSUIG REAL ESTATE MEMBER LLC: | John J. Kuster, Peter J. Mardian, Sidley Austin LLP, New York, NY |
| FOR DEFENDANT-APPELLEE WEBSTER BANK, N.A.: | Cheryl F. Korman, Stuart I. Gordon, Elizabeth S. Sy, Rivkin Radler LLP, Uniondale, NY |
| FOR DEFENDANT-APPELLEE EMPIRE OUTLET MANAGEMENT, LLC: | Joseph B. Schmit, Phillips Lytle LLP, New York, NY |
| FOR DEFENDANT-APPELLEE BFC PARTNERS, LLC: | Andrew V. Achiron, Bonnie Espino, Donald F. Schneider, Silverman Shin & Schneider PLLC, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph A. Marutollo, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

Plaintiffs are foreign investors who appeal from the judgment of the United States District Court for the Eastern District of New York (Marutollo, *M.J.*) dismissing their claims against Defendants GSUIG Real Estate Member LLC ("GSUIG"), Webster Bank N.A. ("Webster Bank"), Empire Outlet Management, LLC ("EOM"), and BFC Partners, LLC ("BFC") for failure to state a claim.[1] We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The EB-5 visa program allows qualified foreign investors to obtain immigration visas by investing in certain qualifying projects. *See* 8 U.S.C. § 1153(b)(5). To participate in the program, Plaintiffs each invested $500,000 in the Empire Outlets Mall project (the "Project") in New York by purchasing limited membership units in non-party New York State Empire Outlet Fund I, LLC (the "EB-5 Lender"), an investment vehicle formed to provide financing for the Project. The EB-5 Lender was managed by EOM. In December 2014 the EB-5

---

[1] The District Court did not enter final judgment in a separate document as required by Rule 58 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 58(a). But "failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(B). Under Rule 58(c)(2)(B), the judgment became final on January 18, 2026, 150 days after the order was entered on the docket. *See* Fed. R. Civ. P. 58(c)(2)(B).

3

Lender extended a loan to non-party St. George Outlet Development LLC (the "EB-5 Borrower") secured by a lien on, among other things, the fee interest in the Project property (the "Collateral"). The EB-5 Borrower and EB-5 Lender entered into a subordination agreement (the "2014 Subordination Agreement") with GSUIG, another creditor of the EB-5 Borrower, pursuant to which the EB-5 Lender's loan was subordinated to GSUIG's loan by $185 million less the outstanding amount of the EB-5 Lender's loan. Because Plaintiffs allege that the EB-5 Lender loaned the EB-5 Borrower nearly $75 million, the EB-5 Lender's loan was subordinated by approximately $110 million.

In March 2019 EOM, acting on behalf of the EB-5 Lender, entered into an amended subordination agreement (the "2019 Subordination Agreement") with GSUIG and the EB-5 Borrower. Pursuant to the 2019 Subordination Agreement the EB-5 Lender's loan was further subordinated to an additional $57 million loan from GSUIG. In September 2023, after the EB-5 Borrower defaulted on its loans, the Collateral was sold to GSUIG and Webster Bank at a foreclosure auction for a joint credit bid of $10 million. The EB-5 Lender's lien on the Collateral was extinguished and Plaintiffs lost their investments in the Project.

4

In September 2024 Plaintiffs filed their amended complaint, alleging among other things that EOM breached its fiduciary duty to them by entering into the 2019 Subordination Agreement on behalf of the EB-5 Lender and that GSUIG, Webster Bank, and BFC aided and abetted EOM's breach of fiduciary duty.  In August 2025 the District Court dismissed Plaintiffs' amended complaint for failure to state a claim.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 121 (2d Cir. 2020) (citation modified).  On appeal, Plaintiffs argue that the District Court erred in concluding that they failed to plausibly allege that the execution of the 2019 Subordination Agreement caused their injury.[2]  We disagree.  Where, as here, "damages are sought for breach of fiduciary duty under New York law, the plaintiff must demonstrate that the defendant's conduct proximately caused injury in order to establish liability."  *Nordwind v.*

---

[2] Plaintiffs do not contest the independent bases for the District Court's dismissal of their claims for breach of contract, tortious interference with contract, civil conspiracy, and unjust enrichment.  Plaintiffs have therefore abandoned these claims.  *See Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012).

*Rowland*, 584 F.3d 420, 433 (2d Cir. 2009) (citation modified). This requirement encompasses the need to show both *factual* causation and *proximate* causation. *See Laub v. Faessel*, 745 N.Y.S.2d 534, 536 (1st Dep't 2002) (To prevail on a claim for "breach of fiduciary duty" a plaintiff "must establish that the [misconduct was] the direct and proximate cause of the losses claimed."). To survive a motion to dismiss, Plaintiffs must therefore plausibly allege that EOM's decision to enter into the 2019 Subordination Agreement actually and proximately caused their losses, such that there was "some reasonable connection between [EOM's conduct] and the damage which [Plaintiffs] suffered." *Greenberg v. Joffee*, 824 N.Y.S.2d 355, 356 (2d Dep't 2006) (citation modified).

Plaintiffs argue that EOM's decision to enter into the 2019 Subordination Agreement caused their injury by preventing them from recovering at the foreclosure sale. But when the 2019 Subordination Agreement was executed, the EB-5 Lender's debt was already subordinated by approximately $110 million— far in excess of the $10 million for which the Collateral was acquired at auction. Plaintiffs assert that GSUIG's ability to credit bid an additional $57 million could have deterred others who might otherwise have bid more than $110 million from participating in the auction. But this speculative claim is unsupported by any

6

specific factual allegations and is thus insufficient to defeat a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On this record, therefore, we agree with the District Court that Plaintiffs did not plausibly allege that the further subordination of the EB-5 Lender's already-subordinated debt proximately caused their injury. *See Nordwind*, 584 F.3d at 433; *Laub*, 745 N.Y.S.2d at 536. Accordingly, we affirm the District Court's dismissal of Plaintiffs' claim against EOM for breach of fiduciary duty.

Under New York law, a plaintiff who "does not have a claim for breach of fiduciary duty against the [] defendant and its principals . . . cannot have claims against . . . other defendants for aiding and abetting that breach." *Aldoro, Inc. v. Gold Force Int'l Ltd.*, 859 N.Y.S.2d 154, 155 (1st Dep't 2008). Accordingly, we likewise affirm the District Court's dismissal of Plaintiffs' aiding and abetting claims against GSUIG, Webster Bank, and BFC.

We have considered Plaintiffs' remaining arguments regarding causation and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7