Per Curiam.

Plaintiff purchaser seeks specific performance of an agreement under which defendant Nella Nicastro agreed to sell to plaintiff her late husband’s insurance business and related real estate. Defendants, vendor and the sole corporation which holds some of the real estate, moved, pursuant to CPLR 3211 (subd [a], par 7), for judgment dismissing the complaint for failure to state a cause of action. Special Term denied the motion, a divided Appellate Division reversed, and plaintiff appeals.
*634 The issue is whether a motion court may grant judgment under CPLR 3211 (subd [a], par 7), without treating the pleading motion as one for summary judgment, when the complaint is sufficient on its face, but the affidavits submitted indicate, not quite conclusively, that purchaser may have no cause of action. Determinative is the notice provision in the 1973 amendment to CPLR 3211 (subd [c]).
The order of the Appellate Division should be reversed, and the order of Special Term denying the motion reinstated. Under modern pleading theory, a complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists. Here, given the complaint and the affidavits, there is a reasonable chance, even if some think it small, that plaintiff purchaser will ultimately prevail on the merits. Although absent further evidence, the dispute may be finally resolved on the more embracive and exploratory motion for summary judgment, disposition by summary dismissal under CPLR 3211 (subd [a], par 7), is premature.
In October, 1970, after the death of her husband, defendant Nicastro entered into a written agreement with purchaser and one Edward Staib, now deceased, for the sale and purchase of properties relating to her husband’s insurance business. The agreement involved three separate transfers: sales of (1) the insurance agency, (2) the building housing the agency and the parcel of land on which it was located, and (3) the outstanding stock in codefendant Orofino Realty Co., Inc., whose sole asset was a parcel of improved real estate adjoining the insurance agency. The first two transfers have long been fully executed. The present dispute involves only the transfer of stock in the real estate corporation.
In his complaint, the purchaser alleged defendant vendor’s nonperformance of the third part of the agreement and his own continued willingness and readiness to perform. In support of their motion to dismiss defendants submitted affidavits averring that the purchaser never tendered the $5,700 down payment required under the agreement. The affidavit of plaintiffs attorney submitted in opposition to defendants’ motion fails to meet this issue. None of the affidavits, separately or in combination, explain the extended delay in performance of this portion of the agreement. Plaintiff’s appellate counsel now argues that at a trial of the issues of fact, plaintiff will be *635 able to establish an excuse for this failure to tender the down payment at the time specified in the agreement.
Under CPLR 3211 a trial court may use affidavits in its consideration of a pleading motion to dismiss (see Rappaport v International Playtex Corp., 43 AD2d 393, 394-395; Epps v Yonkers Raceway, 21 AD2d 798, 799; 4 Weinstein-Korn-Miller, NY Civ Prac, pars 3211.35, 3211.36). CPLR 3211 (subd [c]), by /providing that "either party may submit any evidence that could properly be considered on a motion for summary judgment”, leaves this question free from doubt. The real difficulty, however, particularly in view of the 1973 amendment to that section, lies in determining what effect shall be given the contents of affidavits submitted on a motion to dismiss when the motion has not been converted to a motion for summary judgment.
The mere fact that, judged on the complaint and affidavits alone, plaintiff could not withstand a motion for summary judgment under CPLR 3212, which requires disclosure of all the evidence on the disputed issues, cannot be controlling. Of course, CPLR 3211 allows plaintiff to submit affidavits, but it does not oblige him to do so on penalty of dismissal, as is the case under CPLR 3212 when defendant has made an evidentiary showing that refutes the pleaded cause of action. If plaintiff chooses to stand on his pleading alone, confident that its allegations are sufficient to state all the necessary elements of a cognizable cause of action, he is at liberty to do so and, unless the motion to dismiss is converted by the court to a motion for summary judgment, he will not be penalized because he has not made an evidentiary showing in support of his complaint. As amended in 1973, CPLR 3211 (subd [c]) explicitly requires that if the court decides to treat a CPLR 3211 (subd [a]) motion as one for summary judgment, it must first provide adequate notice to the parties, and thus give them an opportunity to make an appropriate record (see Nineteenth Ann Report of NY Judicial Conference, 1974, pp 62-63; see, also, Mareno v Kibbe, 32 AD2d 825). Since no such precaution need be taken if the motion is not so treated, affidavits received on an unconverted motion to dismiss for failure to state a cause of action are not to be examined for the purpose of determining whether there is evidentiary support for the pleading.
On the other hand, affidavits may bemused freely to preserve inartfully pleaded, but potentially meritorious, claims (see, *636 e.g., Kelly v Bank of Buffalo, 32 AD2d 875; Raimondi v Fedeli, 30 AD2d 802). Modern pleading rules are "designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one” (6 CarmodyWait, 2d, NY Prac, § 38:19; see Kelly v Bank of Buffalo, 32 AD2d 875, supra). In sum, in instances in which a motion to dismiss made under CPLR 3211 (subd [a], par 7) is not converted to a summary judgment motion, affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint, although there may be instances in which a submission by plaintiff will conclusively establish that he has no cause of action. It seems that after the amendment of 1973 affidavits submitted by the defendant will seldom if ever warrant the relief he seeks unless too the affidavits establish conclusively that plaintiff has no cause of action.
In this case, defendants’ affidavits present a seemingly strong defense. If the trial court had chosen to treat defendants’ motion as one for summary judgment under CPLR 3211 (subd [c]), and 3212, and had adequately notified the parties, plaintiff would have been forced to introduce further evidence to withstand the motion. In fact, such evidence might well exist. For instance, defendants might have waived the right to receive a down payment, or the delay in its tender, or otherwise acquiesced in the thus far unexplained nonperformance by the purchaser. In short, plaintiff may be able to shed more light than he has on the unexplained delay in performance of the disputed portion of the agreement.
For these reasons, Special Term properly denied defendants’ motion to dismiss; the order of the Appellate Division should be reversed, with costs to abide the event, and the motion to dismiss denied.