■ ADLER CONSTRUCTION Co., INC., Respondent, v COUNTY HOLDING CORP., Appellant, et al., Defendants.—In an action to foreclose a mechanic's lien, defendant County Holding Corp. appeals from so much of an order of the Supreme Court, Kings County, dated February 3, 1978, as denied its motion pursuant to CPLR 3211 (subd [a], par 1) to dismiss the complaint on the ground of documentary evidence. Order affirmed insofar as appealed from, with $50 costs and disbursements. The instant motion having been

made prior to the joinder of issue, it was not, as appellant appears to assume, a motion for summary judgment, nor was it converted into such a motion by the court pursuant to CPLR 3211 (subd [c]) (see, also, *Rovello v Orofino Realty Co.,* 40 NY2d 633). On the merits of appellant's motion to dismiss, the documentary evidence submitted (a copy of the lease between it and its lessee) is not necessarily dispositive on the issue of the implied consent of the owner, as the agreement merely provides that "The Landlord's permission to make alterations * * * or improvements shall not be construed to be a consent of [the] Landlord to the right of mechanics' liens by materialmen, mechanics, laborers or other persons upon or about the demised premises, the entire liability therefor being assumed by the Tenant." Assuming, *arguendo,* that this language is binding upon the plaintiff lienor, other factors giving rise to an implied consent are not precluded thereby. Whether the present action could withstand a motion for summary judgment is a separate question, not. properly before us at this juncture. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.