■ DYNAMIC TEMPORARY HELP, INC., et al., Respondents, v GARMENT CHECK CASHING, INC., Appellant.—Order of the Appellate Term (First Department) entered on April 3, 1979 (one Justice dissenting), affirming so much of an order of the Civil Court, entered on September 25, 1978 as denied defendant's motion for summary judgment, reversed, on the law, and defendant's motion for summary judgment granted with costs, for the reasons stated in the dissenting opinion of Dudley, J., at the Appellate Term. Concur—Fein, Lane and Markewich, JJ.

Birns, P. J., and Silverman, J., dissent in a memorandum by Silverman, J., in a memorandum as follows: I would affirm the order appealed from. Defendant's motion was to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 7, 10), i.e., failure to state a cause of action and failure to join a party. The action was in the Civil Court of the City of New York. There was no formal complaint but only an indorsement upon the summons pursuant to section 902 (subd [a], par [1]) of the New York City Civil Court Act. Each cause of action in the complaint consisted only of the following indorsement: "To recover the sum of * * * as damages sustained by plaintiff due to improper and/or illegal acts by the defendant and/or its employees in the cashing of checks issued by plaintiff." Such an indorsement does not

readily lend itself to a motion to dismiss the complaint for failure to state a cause of action. The statute requires only that "The indorsement shall consist of a statement of the nature and substance of the cause of action". (CCA, § 902, subd [a], par [1].) Like the majority of the Appellate Term, I think that there is at least a possibility that the unauthorized alterations of the checks were "effective" as between plaintiffs drawers and the drawee bank within the meaning of *Underpinning & Foundation Constructors v Chase Manhattan Bank* (46 NY2d 459). As the majority at the Appellate Term pointed out, "plaintiffs may be precluded from recovering all or a part of their loss from the drawee bank by virtue of the affirmative defense available to the drawee, that the plaintiffs failed to promptly discover, through the exercise of reasonable care, the alterations of the specified checks (Uniform Commercial Code, § 4-406)." If so, perhaps the alteration was "effective" within the meaning of the *Underpinning* case in that the drawee bank was able to effectively charge plaintiffs' account for the disputed items so that the money paid to defendant was plaintiffs' and not the drawee bank's. (If the drawee bank has a defense against plaintiffs, perhaps so may other prior parties. [Cf. Uniform Commercial Code, § 4-406, subd 5.] But again there may be differences in degree of fault.) In any event, it does not seem to me that the case lends itself to final resolution on the present skimpy pleadings without even a motion for summary judgment. (Cf. *Rovello v Orofino Realty Co.,* 40 NY2d 633.) As to the requirement of joining the drawee bank, I might prefer to seek the action simply consolidated with the pending action with the drawee bank, but I do not think that this court should interfere with the Appellate Term's discretion on such a practice matter.