■ JAMES WALLACE, Respondent, v LIQUID CARBONIC CORPORATION et al., Defendants, and BOSTON OLD COLONY INSURANCE COMPANY et al., Appellants. (And a Third-Party Action.) ADALBERTO BAZAN et al., Respondents, v LIQUID CARBONICS COMPANY et al., Defendants, and NIAGARA FIRE INSURANCE COMPANY, Appellant. CARMEN GONZALEZ, as Administratrix, Respondent, v LIQUID CARBONICS COMPANY et al., Defendants, and BOSTON OLD COLONY INSURANCE COMPANY et al., Appellants.—In separate actions to recover damages for personal injuries and wrongful death, these consolidated appeals are from so much of three orders of (1) the Supreme Court,

Kings County, dated May 31, 1978, (2) the Supreme Court, Queens County, dated April 20, 1978, and (3) the Supreme Court, New York County, entered November 3, 1978, as denied appellants' respective motions to dismiss the complaints as against them pursuant to CPLR 3211 (subd [a], pars 1, 3, 7). Orders affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable to the plaintiffs jointly. Appellants' time to answer is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. In our view, it was proper to deny the respective motions to dismiss, without prejudice to motions for summary judgment upon joinder of issue and the completion of disclosure proceedings, on the ground that the facts essential to justify opposition may exist but cannot now be stated as they presently lie within the exclusive knowledge of the several defendants (see CPLR 3211, subd [d]). We note in passing that the allegations offered in support of the respective motions to dismiss these complaints for failure to state a cause of action, which allegations are essentially factual in nature, constitute an inappropriate basis upon which to predicate such relief in those situations where the court has declined to treat the motion as one for summary judgment (see CPLR 3211, subd [c]; *Rovello v Orofino Realty Co.,* 40 NY2d 633). In the absence of a proper cross appeal, we are without jurisdiction to review so much of the order of the Supreme Court, Queens County, as granted the motion to dismiss the complaint in that action as against defendants Boston Old Colony and the Underwriters Adjusting Company, and therefore express no opinion as to the propriety of that portion of said order. Damiani, J. P., Gulotta, Cohalan and Margett, JJ., concur.