■ S. JOY HINES, Appellant, v ARTHUR A. PASQUARIELLO et al., Respondents. (Action No. 1.) TERENCE J. HINES et al., Appellants, v ARTHUR A. PASQUARIELLO et al., Respondents. (Action No. 4.) (And Two Other Actions.) — Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered May 2, 1984 in Schenectady County, which, *inter alia,* granted defendants' motions for summary judgment dismissing the complaints in actions Nos. 1 and 4.

In action No. 1, plaintiff, S. Joy Hines, asserts claims against defendants based on theories of legal malpractice and negligence in the handling of matters related to the estate of her deceased husband. Mrs. Hines' three children, who are the plaintiffs in action No. 4, also seek recovery from the identical defendants on the same grounds. The complaints allege that in November 1980, Mrs. Hines and her daughter met with defendants to retain them to assist in the administration of the estate.

The principal ground for defendants' motions to dismiss the complaints for insufficiency is an assertion contained in defendant Arthur A. Pasquariello's affidavit that he and his firm

represented the estate and no one else regarding the estate. In response, Mrs. Hines avers, and her daughter confirms, that they understood that defendants had been retained and had agreed to handle all matters pertaining to the estate "and to take care of the interests of my family and me". Mrs. Hines further attests that defendants represented her children on other legal matters and that defendants participated with her in a stratagem to maximize the distributive share of the estate given to her children at the expense of two other rightful distributees, her two stepsons.

Although plaintiffs' complaints are inartfully pleaded, their affidavits suggest potentially meritorious claims (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636) based on defendants' alleged mishandling of plaintiffs' personal interests in the estate. Defendants' reliance on the statement that their firm represented the estate alone does no more than create a material triable issue of fact concerning the entity or parties they represented.

Order modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendants' motions for summary judgment dismissing the complaints in actions Nos. 1 and 4; said motions denied; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.