■ NELSON ASSAEL, Respondent, v EUGENE G. HERMAN, P. C., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated March 28, 1985, as denied their motion to dismiss the first cause of action asserted in the plaintiff's complaint pursuant to CPLR 3211 (a) (5) and (7).

Order affirmed insofar as appealed from, with costs.

The plaintiff and the defendant Eugene Herman are both dentists. The plaintiff, in his complaint, alleges that Herman and his professional corporation breached an oral employment agreement which was to lead to the plaintiff's eventual partnership with the defendant Eugene Herman. The defendants moved to dismiss the plaintiff's cause of action for breach of contract on the ground that the action is barred by the Statute of Frauds and fails to state a cause of action because the claim involves an oral contract which by its terms cannot be performed within one year.

An employment contract with no fixed term, whether terminable at will or only for just cause, is one which by its terms could be performed within one year and, accordingly, is not barred by the Statute of Frauds *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). While the verified complaint in the case at bar is unclear as to the terminability of the alleged oral contract between the parties, the plaintiff's affidavit in opposition to the defendants' motion to dismiss the complaint makes it plain that the contract was terminable at will within the

first year, and terminable for cause in each of the five years thereafter.

"[I]n instances in which a motion to dismiss made under CPLR 3211 (subd [a], par 7) is not converted to a summary judgment motion, affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint" *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 636). Accordingly, the plaintiff's complaint and affidavit, when read together, state a cause of action which is not violative of the Statute of Frauds. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.