OPINION OF THE COURT
Per Curiam.
Order entered December 3, 1986 reversed, the petition reinstated and the matter remanded to the court below for further proceedings, with $10 costs to the appellant.
*861 Petitioners husband and wife commenced holdover proceedings to recover possession of tenant’s rent-stabilized apartment. Petitioners, who reside in the building, planned to use the tenant’s apartment as a drafting and design room "predominantly” for personal use. Before issue was joined, tenant moved to dismiss the petition for lack of subject matter jurisdiction. The motion was based upon the purported exclusive jurisdiction of the Division of Housing and Community Renewal to determine applications to withdraw dwelling units from the rental market where the landlord requires the apartment for his own use in connection with a business owned and operated by the landlord (Code of Rent Stabilization Association of New York City, Inc. former § 54 [D] [2]).
Civil Court dismissed the petition, finding that the landlords intended to use the tenant’s apartment for business purposes and that no statutory basis then existed for noninstitutional landlords, such as petitioners, to deny the tenant a renewal lease on such grounds.
We reverse and reinstate the petition. Inasmuch as tenant’s motion to dismiss was not converted to a motion for summary judgment (Rovello v Orofino Realty Co., 40 NY2d 633; CPLR 3211 [c]), the petition, as amplified by petitioners’ notice of nonrenewal incorporated therein, was entitled to all favorable inferences. The court below thus erred in dismissing the petition on the merits. In any event, the precise nature of landlords’ plans to occupy tenant’s apartment is a matter best resolved at trial (Cucin v Weitzner, NYLJ, Feb. 9, 1984, at 7, col 2 [App Term, 1st Dept]).
Hughes, P. J., Riccobono and Parness, JJ., concur.