■ PAULRUTH TRADING Co., Appellant, v PAULINE HOFFMAN et al., Respondents.—In an action for a judgment declaring the plaintiff to be the owner of certain real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (LeVine, J.), dated March 11, 1988, as, upon reargument, adhered to the original determination dismissing the complaint as time barred, vacating the notice of pendency, and denying the plaintiff leave to serve an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent Estate of Mae Marcus.

In June 1962, Paulruth Trading Company transferred the real property at issue herein to the defendants Pauline Hoffman and Phyllis Schact, and the defendant estate's decedent, Mae Marcus. Hoffman, Schact, and Marcus contemporaneously entered into a partnership agreement creating Paulruth Trading Company for the purpose of "operating and managing real estate". More than 20 years later, and after the death of Marcus, a dispute arose as to the ownership of the subject property. Thus in 1987 the partnership commenced this action, by which it sought, inter alia, a judgment declaring it to be the owner of the property, alleging that "the Partners neglected to execute a deed transferring the record ownership from their individual names to the name of the Partnership". Shortly thereafter, the defendant estate moved

to dismiss the complaint, *inter alia,* as time barred and because it failed to state a cause of action. The motion was joined in by the defendant Schact. Upon a finding that "the gravaman of the plaintiff's cause of action is mistake", the court applied a six-year Statute of Limitations and dismissed the action as time barred. We hereby affirm, but do so on the basis that the complaint fails to state a cause of action.

The documents appended to the complaint, i.e., the 1962 deed and partnership agreement, conclusively refute the allegation, contained in the complaint, that "the Partnership was organized for the purpose of owning and thereafter operating, *inter alia,* the Property", an allegation vital to the plaintiff's cause of action. It cannot seriously be disputed, and in fact is not disputed by the parties herein, that these evidentiary submissions, provided by the plaintiff, may be considered on this motion to dismiss the complaint *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636). Upon consideration of these evidentiary submissions and review of the complaint, we find that the plaintiff has not stated a cause of action upon which declaratory relief may be based. Thus, the complaint was properly dismissed.

We further find that the court properly denied the plaintiff leave to serve an amended complaint *(see, Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY2d 332).

In light of the foregoing, we need not reach the issue of whether the Supreme Court properly determined that the cause of action was time barred. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.