■ SHERMAN TAUB, Respondent, v ALAN BROCKMAN et al., Appellants. [706 NYS2d 21] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 26, 1998, which denied defendants' motion to dismiss plaintiff's complaint for failure to state a cause of action and to name a necessary party to the action, unanimously affirmed, without costs.

Plaintiff's complaint seeking, *inter alia*, partition of an undivided interest allegedly held by his former law firm, a nonparty to this action, in his individual name, sufficiently pleads a cognizable cause of action. Plaintiff's allegations that his former law firm, as an entity, did not own the subject shares but rather held them as a convenience to the investors, who were members of the law firm, were, for purposes of this motion, properly assumed to be true (*see, Rovello v Orofino Realty Co.*, 40 NY2d 633), and it follows that no transfer is sought by plaintiff for which the consent of the investment entity's general partner would be required; plaintiff merely seeks partition of what is allegedly already his own undivided interest.

Moreover, in the event plaintiff's partition claim is granted, the only effect on Whale, the investment entity, would be that plaintiff's proportionate share of the revenue from his investment would be remitted directly to him, and not remitted to him through his former law firm. Accordingly, Whale Securities Corporation, the general partner of the investment entity, is not a necessary party to this action pursuant to CPLR 1001. Concur—Rosenberger, J. P., Williams, Tom and Andrias, JJ.