OPINION OF THE COURT
Helen E. Freedman, J.
In this action for breach of contract, plaintiff Added Extras, Inc. (Added Extras) seeks to recover $680,000 in damages from defendant Party City Corporation (Party City) based on the allegation that Party City failed to accept delivery of a line of cosmetics known as “Body Extras,” that it ordered. Party City moves to dismiss the complaint pursuant to CPLR 3211 (a) (1), *404 (5) and (7). Added Extras opposes the motion, and seeks leave to amend the complaint if the motion to dismiss is granted.

Claims

The first cause of action alleges that on or before October 20, 2000,* the parties entered into an agreement by which Added Extras would manufacture certain cosmetic goods and that Party City agreed to pay $680,000 for those goods. It further alleges that plaintiff performed the conditions of the agreement, namely, manufactured the goods, but that on August 20, 2001, Party City’s buyer Pam Henke gave notice that it would not accept any of the goods and repudiated the agreement.
The second cause of action alleges that plaintiff and defendant entered into an agreement on October 30, 2000 by which Added Extras would specially manufacture, sell and deliver certain cosmetic and related products and that Added Extras performed but defendant refused acceptance and delivery of the goods and plaintiff has been storing them for Party City’s benefit, since the breach.
The third cause of action alleges that Added Extras purchased materials for the purpose of manufacturing the agreed upon goods in connection with defendant’s girl’s trend program.
Added Extras seeks $680,000 in damages, with interest from October 30, 2000, for each cause of action.
Party City avers that the complaint fails to establish the existence of an agreement between Added Extras and Party City for the goods at issue. The affidavit of Erik Mandell, vice-president of marketing and everyday merchandise for Party City, denies that an offer was made and accepted. He avers that he neither authorized issuance of a purchase order nor was one issued for Added Extras’ goods, as was Party City’s custom and stated policy. Party City argues that the claims alleged in the complaint fail to satisfy the statute of frauds, since there is no evidence that a signed document, or writings memorializing an agreement, exist.
Added Extras cross-moves to submit a “proposed amended complaint.” This proposed amended complaint avers, as does the previous complaint, that an agreement, entered into by Pam Henke’s predecessors at Party City, contemplated that Added Extras would manufacture $1,600 worth of its product for each of approximately 400 Party City’s retail locations, but that Party City repudiated its agreement in the same August *405 20, 2001 e-mail from Pam Henke. The latter was referred to in other places as evidence of the existence of the agreement. It also adds, in less than coherent fashion, allegations that the parties had engaged in a course of commercial dealings where Added Extras acted as a vendor to Party City; that written communications from Party City to Added Extras characterized the latter as a “valued vendor partner”; and that Party City’s “Vendor Standards Manual” expressly contemplated manufacture prior to issuance of a purchase order in order to permit Added Extras to arrange for the timely shipment of goods. The proposed amended complaint also alleges that the price that Party City agreed to pay was set forth in “item worksheets” issued by Added Extras. Plaintiff contends that other writings such as “plan-o-grams,” a Party City buyer’s acknowledgment that it has received item worksheets, and an e-mail from Party City’s buyer, Pam Henke, to Added Extras, dated August 20, 2000, individually and in combination, satisfy the statute of frauds.
As with the original complaint, the first cause of action in the proposed amended complaint is for breach of contract; the second for storage of the rejected goods, with a deduction for amounts received as a result of resale dispositions authorized by Party City; and the third is for manufacturing costs, with interest from October 30, 2000.
On a motion to dismiss for failure to state a cause of action, every fact alleged must be assumed to be true and the complaint liberally construed in plaintiffs favor. (Barr v Wackman, 36 NY2d 371 [1975].) A complaint should not be dismissed so long as a cause of action exists. (Rovello v Orofino Realty Co., 40 NY2d 633 [1976].)

Discussion

Uniform Commercial Code § 2-201 (1) states that a contract for the sale of goods priced at $500 or more is not enforceable by way of an action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable beyond the quantity shown in such writing.
Uniform Commercial Code § 2-201 (3) (a) provides, however, that in the absence of a written contract satisfying subdivision (1), an otherwise valid contract is enforceable if the goods have been “specially manufactured” for the buyer and the goods are not suitable for sale to others in the ordinary course of the *406 seller’s business and that the seller, before notice of repudiation is received, under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture, or commitments for their procurement.

Conclusion

Added Extras has failed to establish or even adequately allege the existence of a written agreement between the parties. None of the writings it refers to constitutes evidence of a written contract. The plaintiffs plan-o-gram and its item worksheets are merely proposals for a product line. There is no documentary evidence of acceptance. At best, the documents establish that there were discussions between the parties. The August 20, 2001 e-mail from Pam Henke to plaintiff is unambiguous in its expressed intention to notify plaintiff that Party City will not be able to accept goods from plaintiff for the Halloween season. To interpret this e-mail as Party City’s acceptance of plaintiffs offer, as plaintiff urges, ignores the plain meaning and import of this communication. Thus the causes of action in both the complaint and the proposed amended complaint that are predicated on breach of a written contract are dismissed or may not be interposed.
The second cause of action in both the original and proposed amended complaint seeks an additional element of damages for storage of the disputed goods. These allegations fail to allege an independent claim for relief. Thus, the second cause of action is dismissed as failing to state a claim upon which relief may be granted.
Plaintiff may, however, have a claim for relief under the “specially manufactured” exception to UCC 2-201 (3) (a). The August 20, 2001 e-mail, which unequivocally rejected plaintiffs goods, refers to discussions had between plaintiff and defendant about these very same goods at an unspecified earlier date. If, indeed, plaintiff can establish that in reliance on an oral agreement it specially manufactured goods that are not saleable in the ordinary course of business, it may be able to withstand dismissal of its entire claim. According plaintiff every favorable inference, it may plead a claim for specially manufactured goods.
Accordingly, it is ordered that the motion to dismiss is granted and the first and second causes of action are dismissed; and it is further ordered that plaintiff is directed to serve a clear and coherent amended complaint, with respect to the claim for specially manufactured goods only, within 10 days af *407 ter service of a copy of this order; and it is further ordered that defendant is directed to serve an answer to the amended complaint within 10 days of receipt of the amended complaint.

 The first cause of action alleges October 20, 2000 as the relevant date. Elsewhere in the complaint, October 30, 2000 is referred to.