■ CHRISTOPHER HARRIS, Plaintiff, v RACHEL KIND, Defendant. CHRISTOPHER HARRIS, Appellant, v BONNIE E. RABIN, Respondent. [766 NYS2d 350]—

Order, Supreme Court, New York County (Judith Gische, J.), entered May 30, 2002, which, inter alia, consolidated a Civil Court action with the pending matrimonial action, and upon

consolidation, granted defendant's motion to dismiss the Civil Court action and to recover costs from plaintiff to the extent of awarding defendant $2,800, unanimously affirmed, with costs.

Plaintiff, in his utterly frivolous Civil Court action, sought to hold defendant Rabin, his wife's matrimonial attorney, liable for advising his wife to use funds in a bank account to which both he and wife were signatories. While a complaint must be fully accorded every favorable inference (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]), it is plain that plaintiff's allegations state no cognizable theory of recovery and that he has no cause of action. In the absence of malice, fraud, collusion or bad faith, defendant was not subject to liability to plaintiff for legal advice given by her to her client (*Beatie v DeLong*, 164 AD2d 104, 109 [1990]). Accordingly, inasmuch as plaintiff failed to allege facts from which it might be reasonably inferred that defendant attorney acted with the requisite ill will when she gave the complained-of advice, the complaint against her was not viable and was properly dismissed.

Plaintiff was properly held accountable for defendant's costs pursuant to 22 NYCRR 130-1.1 (a). In the circumstances presented, in which the lawsuit was not commenced until five months after both the time when the advice was given and after plaintiff instituted a matrimonial action, the court properly concluded, without a hearing, that plaintiff's lawsuit was intended to have a chilling effect on counsel's representation of her client. Concur—Nardelli, J.P., Mazzarelli, Andrias, Sullivan and Lerner, JJ.