MARC WEINBERGER, Appellant, v BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, Also Known as BERKSHIRE LIFE INSURANCE COMPANY, Respondent. [776 NYS2d 849]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered August 4, 2003, as granted the defendant's motion to dismiss the first, second, fourth, fifth, and sixth causes of action pursuant to CPLR 3211 (a) (7) and as denied that branch of his cross motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 19, 1996, the plaintiff submitted an application to the defendant for a disability insurance policy in which he failed to disclose that he was previously diagnosed with and treated for Parkinson's disease. The defendant issued to the plaintiff a disability insurance policy dated August 13, 1996. The policy contained a fraudulent misstatements provision under a clause entitled "Incontestable." In the spring of 1999, the plaintiff made a claim for total disability insurance benefits under the policy, asserting Parkinson's disease as the cause. In December 1999, the defendant wrote to the plaintiff stating that had the plaintiff disclosed that he had Parkinson's disease, it would not have issued the policy. Thus, it was rescinding the policy.

The plaintiff commenced this action against the defendant alleging seven causes of action. The first, second, fourth, fifth, and sixth causes of action were premised on the theory that the fraudulent misstatements provision under the "Incontestable" clause violated Insurance Law § 3216 (d) (1) (B) (i) and therefore was void. Subsequently, the defendant moved pursuant to CPLR 3211 (a) (7) to dismiss those causes of action. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability without addressing the issue of whether he fraudulently failed to disclose that he had Parkinson's disease. The Supreme Court granted the motion and denied that branch of the cross

motion which was for summary judgment on the issue of liability. We affirm.

Construing the allegations of the complaint in the light most favorable to the plaintiff (*see generally Leon v Martinez*, 84 NY2d 83 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]; *Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]), the Supreme Court properly dismissed the first, second, fourth, fifth, and sixth causes of action. Contrary to the plaintiff's contention, the insertion of a fraudulent misstatements provision under the policy's "Incontestable" clause was not improper per se. "A carrier may, compatibly with the incontestability clause, protect itself by including a provision in its incontestability clause creating an exception for fraudulent misstatements" (*New England Mut. Life Ins. Co. v Doe*, 93 NY2d 122, 131 [1999] [internal quotation marks and citation omitted]; *see* Insurance Law § 3216 [d] [1] [B]).

Additionally, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability since he failed to meet his initial evidentiary burden as the movant (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The plaintiff's remaining contentions either are without merit or improperly raised for the first time on appeal. Krausman, J.P., Townes, Cozier and Rivera, JJ., concur.