[894 NYS2d 833]

Dynamic Medical Imaging, P.C., as Assignee of Veronia A. Thompson, Plaintiff, v State Farm Mutual Automobile Ins. Co., Defendant.

District Court of Nassau County, Second District, November 24, 2009

**APPEARANCES OF COUNSEL**

*Rivkin Radler, LLP*, for defendant. *Friedman, Harfenist, Langer & Kraut, LLP*, for plaintiff.

## OPINION OF THE COURT

MICHAEL A. CIAFFA, J.

Defendant's motion to dismiss plaintiff's complaint is granted.

The moving papers submitted by defendant make a prima facie showing of its entitlement to dismissal through proof, in admissible form, that plaintiff failed to appear for a properly noticed examination under oath (EUO). Such failure to appear for the EUO breached a condition precedent to plaintiff's right payment of the subject claims, and by itself provides a complete defense to the instant action.

The issues presented on this motion are substantially identical to those considered in prior decisions of Judge Knobel and myself. (*See Dynamic Med. Imaging v State Farm*, June 12, 2009, Knobel, J., index No. 9819/08; *Dynamic Med. Imaging v State Farm*, July 14, 2009, Ciaffa, J., index No. 10102/09.) Absent a showing that the facts at bar are materially different, the court adheres to the prior rulings, and dismisses the complaint. (*See e.g. Dynamic Med. Imaging v State Farm*, Aug. 14, 2009, Ciaffa, J., index No. 17077/09; *Dynamic Med. Imaging v State Farm*, Sept. 28, 2009, Ciaffa, J., index No. 16708/09; *Dynamic Med. Imaging v State Farm*, Oct. 7, 2009, Ciaffa, J., index No. 20920/09; *Dynamic Med. Imaging v State Farm*, Oct. 21, 2009, Ciaffa, J., index No. 31270/09.)

The only other issue worth addressing is the propriety of using CPLR 3211 (instead of CPLR 3212) as the vehicle for dismissal. Subject to further guidance from our appellate courts, I believe that CPLR 3211 (a) (7), read together with CPLR 3211 (a) (1), allows a court to consider a combination of documents and affidavits when determining whether the defendant is entitled to judgment upon a pre-answer motion to dismiss.

*Biondi v Beekman Hill House Apt. Corp.* (257 AD2d 76 [1st Dept 1999], *affd* 94 NY2d 659 [2000]), is instructive on this point. In that case, the defendant moved to dismiss a civil action based on "extrinsic evidence" consisting of "affirmations and exhibits." (257 AD2d at 80.) The IAS justice denied the motion, finding from the "four corners" of the complaint that it alleged a cognizable cause of action. (*Id.* at 80.) The Appellate Division reversed. (*Id.*) "Where extrinsic evidence is used" to support a motion to dismiss, the Court explained, the issue for determination is "whether the proponent of the pleading has a cause of action, not whether he has stated

one." (*Id.* at 81, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977].) Accordingly, in cases where the complaint's validity has "been negated beyond substantial question by the affidavits and evidentiary matter submitted" and it is clear that plaintiff "does not have a [viable] cause of action," dismissal under CPLR 3211 is warranted. (257 AD2d at 81.)

Admittedly, other case law pronouncements construing CPLR 3211 (a) (7) paint a more confusing and contradictory picture. (*See* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:25.) The majority opinion in *Rovello v Orofino Realty Co.* (40 NY2d 633 [1976]), read broadly, appears to limit the Court's authority to grant dismissal, upon affidavits, without converting the motion from a motion to dismiss into a motion for summary judgment. However, the Court of Appeals' more recent decisions recognize that dismissal upon a 3211 motion may be granted where affidavits "establish[ed] conclusively" that the plaintiff has no valid claim or cause of action to pursue. (*See Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008]; *accord Godfrey v Spano*, 13 NY3d 358, 374 [2009].)

Accordingly, under the logic of the more recent cases, where a "conclusive" case for dismissal is made out, the outcome of a given motion for judgment should not depend upon the largely technical distinction between a pre-answer (CPLR 3211) and postanswer (CPLR 3212) motion. Either way, if the defendant can make a conclusive showing of entitlement to judgment as a matter of law, it ought to be able to obtain an order dismissing the complaint.

Using CPLR 3211 (a) (7) to achieve such a result is hardly unprecedented. Indeed, defendant cites numerous decisions from lower court judges throughout the New York metropolitan area where similar relief was sought, and successfully obtained. Moreover, CPLR 104 provides that the Civil Practice Law and Rules of this state should be construed to secure "the just, speedy and inexpensive determination of every civil judicial proceeding," and toward that end, I see no overriding public policy reason why the procedures chosen by defendant cannot be used to obtain a speedy determination of an otherwise compelling, proveable defense, of an EUO default.

In sum, with all due respect for judicial determinations that may have read CPLR 3211 more narrowly (*e.g. Dynamic Med. Imaging, PC v State Farm Ins. Co.*, Nassau Dist Ct, Oct. 1, 2009, Hirsh, J., index No. 10100/09), I have concluded, after

careful consideration, that CPLR 3211 is an appropriate vehicle for obtaining a prompt judicial ruling respecting a defense of an EUO default. For all these reasons, the subject complaint is dismissed.