OPINION OF THE COURT
Bonnie P. Chaikin, J.
In this action for recovery of assigned, first-party no-fault benefits for medical services provided to plaintiffs assignor, the defendant moves for an order (a) dismissing plaintiffs complaint, with prejudice, pursuant to CPLR 3211 (a) (1) and (7); or, alternatively, (b) dismissing plaintiffs complaint, on the ground that the present action is premature; and (c) for such other, further and different relief as this court may deem just and proper.
At first blush, there is no dispute that the complaint does allege a valid claim for recovery of assigned, first-party no-fault benefits. However, in this pre-answer motion, defendant asserts that the validity of the claim cannot be sustained in view of other extrinsic facts. Defendant asserts it has reason to believe that the plaintiff, a professional corporation, is ineligible to receive no-fault benefits under applicable insurance regulations because the professional corporation is neither owned nor controlled by a licensed physician. In further pursuit of its investigation of this belief, the defendant alleges that it sought additional verification in response to plaintiffs submission of the bills at issue in this action, but received no response.
In addition, the defendant alleges that it scheduled two examinations under oath, but the plaintiffs principal failed to appear on both occasions. These allegations, memorialized by several affidavits annexed to the motion, together with copies of what may be business records once a proper business record foundation is laid, constitute the evidentiary material support *359 ing the movant’s request for an order dismissing the complaint based upon its claim of a defense based upon documentary evidence or, in the alternative, dismissal based upon plaintiffs failure to state a valid cause of action.
Turning first to defendant’s request for an order, pursuant to CPLR 3211 (a) (1), dismissing the complaint on the ground that it has a defense founded upon documentary evidence, this court notes that the standard for dismissal under this subdivision was discussed recently by the Honorable Leonard Austin in Symbol Tech., Inc. v Deloitte & Touche, LLP (69 AD3d 191 [2d Dept 2009]). Justice Austin explained that “[t]o obtain a dismissal pursuant to CPLR 3211 (a) (1), the defendant must establish that the documentary evidence which forms the basis of the defense be such that it resolves all factual issues as a matter of law and conclusively disposes of the plaintiffs claim.” (69 AD3d at 193.) “[S]uch motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff’s factual allegations, conclusively establishing a defense as a matter of law.” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002].)
For guidance as to what type of evidence would satisfy the appellate standard, resort to cases in which dismissal was upheld reveals that such evidence is generally more dispositive than the simple affidavits of fact presented here. Collective bargaining agreements (Sheridan v Town of Orangetown, 21 AD3d 365 [2d Dept 2005]), contracts, assignments (Leon v Martinez, 84 NY2d 83 [1994]), general releases, proof of judgment in another forum (Heaney v Purdy, 29 NY2d 157 [1971]), invoices and cancelled checks (Mark Hampton, Inc. v Bergreen, 173 AD2d 220 [1st Dept 1991]) are just some examples of the type of documentary evidence generally upheld by the courts in dismissals pursuant to section 3211 (a) (1). Put simply by Professor Siegel in his 2008 Supplementary Practice Commentary to CPLR 3211, the “ ‘documentary evidence’ standard is a hard one to meet.” (McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:10, 2010 Pocket Part, at 7.)
In this case, defendant’s offer of proof may well sustain a motion for summary judgment in its favor if left unchallenged by plaintiff; however, in its present context, as support for a CPLR 3211 (a) (1) motion that does not require plaintiff to lay bare its proof, it does not suffice.
Turning to the second branch of the motion seeking an order pursuant to CPLR 3211 (a) (7) dismissing the complaint for fail *360 ure to state a cause of action, the court’s inquiry begins with the caveat that the pleadings must be liberally construed and all factual allegations contained therein accepted as true. (Leon v Martinez, supra; Kempf v Magida, 37 AD3d 763 [2d Dept 2007].) Plaintiff is accorded the benefit of every possible favorable inference to determine if the facts as alleged fit any cognizable legal theory. (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001].)
Again, in the case at bar, there can be no dispute that the complaint sets forth the bare essential elements of a claim for recovery of assigned first-party no-fault benefits. The inquiry would end here except for defendant’s submission of several affidavits and other extrinsic evidence that serve to broaden the court’s inquiry from an evaluation of whether plaintiff stated a cause of action to an inquiry into whether plaintiff has a valid cause of action. (Rovello v Orofino Realty Co., 40 NY2d 633 [1976]; Lawrence v Graubard Miller, 11 NY3d 588 [2008].) In this regard, it has been held that affidavits submitted by the defendant “will seldom if ever warrant the relief he seeks unless . . . the affidavits establish conclusively that plaintiff has no cause of action.” (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976].)
“When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate.” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977].)
Since plaintiff herein was not required to dispute defendant’s factual assertions, this court does not know, on the record before it, whether any significant factual dispute exists. (Lawrence v Graubard Miller, supra.)
The defendant has furnished this court with numerous decisions from colleagues of distinction who have granted judgment in its favor under facts identical to the case at bar. Based on its review of the complaint, this court is constrained to find that the facts as alleged, do state a cause of action. However, the court also finds that plaintiff’s entitlement to relief has been factually disputed by defendant’s submission of extrinsic evidence supporting affirmative defenses to defendant’s obligation to pay the claims at issue.
*361 Within the procedural context of a section 3211 motion, plaintiff is not required to refute the factual allegations set forth in the moving papers unless the court gives prior notice to the parties pursuant to CPLR 3211 (c) that it intends to treat this pending motion as one for summary judgment. (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976].)
Thus, in order to put plaintiff to its proof and expeditiously resolve the issues raised herein, let the parties take notice that this court hereby intends to treat the instant motion as one for summary judgment in accordance with CPLR 3211 (c) which provides, inter alia, “(c) . . . Whether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment.”
In accordance with the date set by counsel upon submission of this motion, the parties are directed to appear before the undersigned on the 2nd day of February 2010 to establish a supplemental motion schedule. All other issues are deemed moot in view of the foregoing.