OPINION OF THE COURT
Paul V. Morgan, Jr., S.
KM (hereinafter petitioner) commenced this guardianship proceeding, pursuant to article 17-A of the Surrogate’s Court Procedure Act, seeking her appointment as the guardian of the person and property of her 20-year-old son, BM (hereinafter respondent). At the time of filing, the respondent was a residential student at Vanderheyden Hall, Inc., a nonprofit organization providing services to persons with disabilities, located in Rensselaer County. He currently lives with the petitioner. On return of citation, respondent appeared with counsel, Michael W. Gadomski, Esq., from Disability Rights New York, and objected to the petition. He later filed formal written objections which contend, among other things, that he does not want or need a guardian.
The matter is presently before the court upon motion of the respondent for an order dismissing the application for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Respondent alleges the petition must be dismissed based upon the vague and unauthorized medical certifications submitted by the petitioner in support of her application {see SCPA 1750-a). More specifically, the respondent contends the certifications violate privilege and privacy rights afforded to him under federal law, the Health Insurance Portability and Accountability Act (HIPAA), the physician-patient privilege set forth in CPLR 4504, and the psychologist-patient privilege set forth in CPLR 4507.
SCPA article 17-A is a simple guardianship device by which this court can appoint a guardian for an individual based on a diagnosis of mental retardation, developmental disabilities, or traumatic brain injury {see SCPA 1750, 1750-a [1] [a]-[c]). The diagnosis of mental retardation or developmental disability must be certified by one licensed physician and one licensed *369 psychologist, or by two licensed physicians (see SCPA 1750-a [l]-[2]). Generally, the certifications are submitted by the petitioner contemporaneous with the petition.
Here, the petitioner submitted certifications by L.A., Psy.D., a clinical psychologist at Vanderheyden Hall, Inc., and S.R., a general psychiatrist consulting at Vanderheyden Hall, Inc. The respondent was examined by Dr. L.A. and evaluated by Dr. S.R. in March 2015. The respondent was an adult when both certifications were signed and he did not consent to the use of his medical records for the purposes of this proceeding.
The application of the physician-patient privilege to SCPA article 17-A proceedings is addressed in Matter of Derek (12 Misc 3d 1132 [Sur Ct, Broome County 2006]), where the Surrogate concluded that the physician-patient privilege must apply to guardianship proceedings under SCPA article 17-A. The court referred to the holding in Matter of Tara X. (NYLJ, Sept. 18, 1996 at 27, col 1 [Sup Ct, Suffolk County 1996]) that the physician-patient privilege applies to Mental Hygiene Law article 81 guardianship proceedings and noted, “ [i]t would certainly be arbitrary to say that the respondent against whom a proceeding for the appointment of a guardian is brought can assert the physician-patient privilege in one type of proceeding, but not the other. That would be unequal operation of the law violative of due process” (see id. at 1135). The court further held that the HIPAA rules regarding confidentiality of patient information applied and, absent patient consent or a court order, the certifications cannot be considered.
This court agrees with the holding in Matter of Derek that the physician-patient privilege and HIPAA privacy rules apply to guardianship proceedings under SCPA article 17-A. The two certifications obtained by the petitioner herein absent the respondent’s consent or court order must be stricken.
The court, however, rejects the respondent’s assertion that absent the certifications the petition fails to state a cause of action and must be dismissed pursuant to CPLR 3211 (a) (7). The medical certifications required by SCPA 1750 and 1750-a are not a necessary component of the pleading itself (see SCPA 1752) and, a CPLR 3211 (a) (7) motion lies only if the pleading is defective on its face (see Rovello v Orofino Realty Co., 40 NY2d 633 [1976]). There are sufficient allegations in the petition to create a question of fact as to whether the respondent is mentally retarded or developmentally disabled and in need of a guardian (see SCPA 1750, 1750-a; Matter of Derek).
*370 Based upon the foregoing, the petitioner’s motion to dismiss the petition pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is denied and the two medical certifications submitted by the petitioner in support of her petition are stricken. It is not necessary to address the respondent’s remaining argument that the contents of the certifications are impermissibly vague. A court conference will be held in this matter. Counsel are directed to appear at the court conference with their respective clients.