■ 2BSURREY, LLC, Respondent, v 20 EAST 76TH STREET OWNER LLC et al., Appellants. [19 NYS3d 882]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 20, 2015, which denied defendants' pre-answer motion to dismiss the complaint, unanimously affirmed, with costs.

The motion court properly denied the motion to dismiss. At issue is plaintiff's proposed $10 million purchase of an interest in a ground lease relating to the Surrey Hotel in New York

City. The complaint alleges that the parties, by their course of conduct, waived any writing requirement at least three times: by adjourning the closing date without a writing prior to the original agreement's January 31, 2014 expiration; by allowing defendants to complete financing without "written approval . . . in a writing executed by both Parties and delivered to the other"; and by adjourning the closing date from June 30th to July 30th without a writing.

The motion court properly found that the complaint, as amplified by the affidavits (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]), sufficiently alleged that the parties had consistently waived the writing requirements under the subject agreement. The motion court also correctly found sufficient, at the pleading stage, plaintiff's allegations of partial performance and equitable estoppel as a basis for preventing defendants from invoking the no oral modification clause of the parties' agreement. Similarly, plaintiff sufficiently pled a "willful default" by defendants that would entitle plaintiff, under the written agreement, to specific performance, and not just a return of its down payment. Concur—Sweeny, J.P., Acosta, Andrias and Moskowitz, JJ.