Courtois v TOMS Capital Mgt. LP (2022 NY Slip Op 06545)

Courtois v TOMS Capital Mgt. LP

2022 NY Slip Op 06545

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 161028/20 Appeal No. 16698 Case No. 2022-01744 

[*1]Kevin S. Courtois, Plaintiff-Respondent,
v
TOMS Capital Management LP, Defendant-Appellant, Kiwi Los Angeles LLC et al., Defendants.

Dontzin Nagy & Fleissig LLP, New York (David A. Fleissig of counsel), for appellant.
Ancona Associates, Mineola (Vincent J. Ancona of counsel), for respondent.

Order, Supreme Court, New York County (Louis Nock, J.), entered October 27, 2021, which, to the extent appealed from, denied so much of defendant TOMS Capital Management LP's (TOMS) motion to dismiss the third cause of action for unjust enrichment and eighth cause of action for negligence against it based on the theory of respondeat superior, unanimously reversed, on the law, with costs, the motion granted as to those causes of action, and the complaint against TOMS dismissed in its entirety. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that a TOMS employee, defendant Alex Rosner, whom plaintiff met at a private social event, began providing plaintiff with investment advice in or about February 2020. Plaintiff initially made "large trading gains" on his private brokerage account based on the advice, and paid Rosner for the trade gains via Venmo. At some point, Rosner directed plaintiff to communicate with him by means of Signal, an app in which messages are encrypted and erased after six hours.
In or about June 2020, Rosner allegedly began an affair with plaintiff's wife. They then allegedly conspired to develop a scheme to deplete plaintiff's assets. In furtherance of this scheme, Rosner began to advise plaintiff to invest in high-risk stock options which Rosner knew were not suitable for plaintiff and would not be profitable for him. Plaintiff followed the advice and sustained trading losses in excess of $300,000. Plaintiff alleges that this investment advice was part of a scheme by TOMS and Rosner to "better position the stock options," in which TOMS was also allegedly participating, to benefit TOMS and Rosner and their clients.
The motion court incorrectly determined that the allegations in the complaint sufficiently supported claims for unjust enrichment and negligence against TOMS under a theory of respondeat superior. Even construed in the light most favorable to plaintiff (see Rovello v Orofino Realty Co., 40 NY2d 633, 634 [1976]), the alleged acts by Rosner clearly were not made within the scope of his employment or in furtherance of TOMS's business, but rather, for his own personal gain (see Rivera v State of New York, 34 NY3d 383, 389 [2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022