Tello v Upadhyaya (2023 NY Slip Op 01913)

Tello v Upadhyaya

2023 NY Slip Op 01913

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-05669
 (Index No. 150270/18)

[*1]Nestor Tello, etc., appellant,
v
Vandan D. Upadhyaya, et al., defendants, JPMorgan Chase Bank, etc., respondent.

William Pager, Brooklyn, NY, for appellant.
Zachary & Zachary, P.C., Staten Island, NY (Deborah Zachary of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated July 20, 2020. The order granted the motion of the defendant JPMorgan Chase Bank pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant JPMorgan Chase Bank pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a collision with a vehicle allegedly operated by the defendant Vandan D. Upadhyaya and owned by the defendants Smita Upadhyaya and JPMorgan Chase Bank (hereinafter Chase). Chase moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that it was entitled to the protection of the Graves Amendment (49 USC § 30106), and therefore, could not be held vicariously liable for the alleged negligence of the operator of its vehicle. The Supreme Court granted the motion. The plaintiff appeals.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). When evidentiary material is considered on a motion to dismiss pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the motion should not be granted unless the evidentiary material "conclusively [establishes] that the plaintiff has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Lawrence v Graubard Miller, 11 NY3d 588, 595; Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Pursuant to the Graves Amendment, the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of the vehicle if (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence [*2]or criminal wrongdoing on the part of the owner (see 49 USC § 30106[a]).
Here, the evidentiary submissions did not conclusively establish that Chase was shielded by the Graves Amendment. In support of the motion, Chase submitted the affidavit of Jennifer Grogon, an operations analyst at Chase, who stated that she had reviewed Chase's records and they revealed that in March 2016, Smita Upadhyaya entered into a 36-month lease agreement involving the subject vehicle with Route One Mazda, and that the lease subsequently was assigned to Chase. A copy of the lease agreement between Smita Upadhyaya and Route One Mazda purportedly was attached to the Grogon affidavit, but the copy was illegible. Moreover, the purported assignment of the lease to Chase was not submitted. Grogon gave no details concerning the purported assignment to Chase and did not state that she had personal knowledge of any of the transactions at issue. Essentially, Chase attempted to establish the fact that it leased the subject vehicle to Smita Upadhyaya through the business records exception to the hearsay rule (see CPLR 4518[a]). However, even assuming that the Grogon affidavit had established a proper foundation, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). Since Chase failed to submit the purported assignment of the lease agreement, it failed to conclusively establish that it leased the subject vehicle to Smita Upadhyaya and that it was shielded by the Graves Amendment. Accordingly, the Supreme Court should have denied its motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
In light of our determination, we do not reach the plaintiff's remaining contentions.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court